# CLAUDE SHUMAKE v. VERNE NORTON et al.

Springfield Court of Appeals, March 11, 1922.

1. **HIGHWAYS: Recovery for Damages in Collision Held Not Proper under the Pleadings.** Where petition charges general negligence, followed with specific charges of negligence, recovery of plaintiff was not warranted, where the injury complained of was brought about entirely by the act complained of under the general charge of negligence, the specific charges of negligence not contributing thereto.

2. ————: **In Suit for Collision, Held Error to Submit to Jury as Ground of Recovery Facts Which Did Not Contribute to the Collision.** In action for collision, negligence as to ropes and falls protruding over the side of defendant's truck should not have been submitted to the jury as ground for recovery, where they were on

· the back of the truck, and damaged plaintiff's automobile after the collision occurred, and in view of instructions submitting improper lights as general negligence.

3. NEGLIGENCE. Where pleading charges negligence generally and then alleges special acts of negligence the case must be submitted on the special acts.

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson*, Judge.

REVERSED AND REMANDED.

*Grover C. James* for appellants.

(1) Where a general allegation of negligence in a petition is followed by a charge of specific acts of negligence, the plaintiff must recover, if at all, upon the alleged specific acts. Zasemowich v. American Mfg. Co., 213 S. W. 799, l. c. 802; Reid v. Schaff, 210 S. W. 85, l. c. 88. (2) An instruction must tell the jury what facts it must find in determining the question of negligence, and must not permit the jury to find on any theory of negligence, without limiting the issues to any specific act or acts. Gillispie v. Pryor, 204 S. W. 835, l. c. 837; Carroll v. Missouri Pacific, 229 S. W. 234, l. c. 235.

No brief for respondent.

FARRINGTON, J.—Appellants bring this appeal from a judgment of the trial court in favor of plaintiff on account of damages to an automobile, growing out of a collision. From the facts it appears that the plaintiff, accompanied by a companion, was driving in his Overland automobile on a road west of Joplin about 11 o'clock at night. Approaching him, coming from the west, was

one of defendants' trucks. The case made by plaintiff was that he was driving west twelve or fifteen miles an hour on the right-hand side of the road and that the defendants' truck approached him with only one light burning, and it was a very brilliant and undimmed light, and on the wrong side of the road, running into him and causing damage to the front part of his automobile, knocking it off the road and then damaging the top of his automobile as the truck went by, caused by some rope falls which were wound around the standards going up from the platform of the truck to or near the rear end of it.

Defendants' testimony contradicted plaintiff in practically all of the material facts.

The contention here is that the case should not have been submitted to the jury at all because the petition charged special acts of negligence, neither of which was shown by the evidence to have caused the injury, and also an assignment of error that the principal instruction given for the plaintiff submitted general and special acts of negligence and that the submission of the general acts of negligence in the instruction was erroneous as giving the jury what has been termed in some of the opinions a roving commission.

Respondent filed no brief in this court, and we are convinced that the grounds assigned by appellants for reversing the judgment are well taken. On viewing the petition, it does first charge general negligence followed with the specific charges that the truck was equipped with only one light, and that was undimmed and a brilliant one; and second, that the ropes and falls being hauled on said truck protruded over the side of the truck and extended beyond the body.

Under the evidence in this case, as we view it, the collision, if brought about by any negligence on the part of the defendant, was from the fact that he was over on the wrong side of the road driving the car, and being on that side of the road ran into and damaged the plain-

tiff's car. There is no claim by the plaintiff that because of having one light, and that a brilliant and undimmed one, that he failed to get over as far as he should have been on his side of the road, because his testimony and that of his companion who was with him in the car shows that his car had been pulled clear over to the right-hand edge of the road before defendants' truck struck him. Therefore, the real cause of the collision, if plaintiff's testimony is true, grew out of the fact that defendant's truck was in a part of the road where it should not have been. The failure to have the proper lights on the truck might have been cause for the driver to get on to the wrong side of the road, and therefore we cannot say that there is not some evidence to sustain that specific charge.

Now, as to the rope and falls which were submitted as a ground of recovery in the instruction, the evidence clearly shows what damage the rope and falls did was merely consequential, and the fact that they were on the back part of the truck and protruded over the sides and caught and damaged the top of the automobile after the collision does not show that they were a cause of the collision but, as stated before, merely a consequence growing out of the collision. That ground should not have been submitted to the jury, and in view of the fact that the instruction submitted to the jury the question of improper lights with general negligence, we must hold that it was erroneous. When it came out in evidence that the truck was on the wrong side of the road the jury could very well conclude that that was the negligence upon which they would hold the defendant, and would be permitted to do so under the general charge in the instruction, whereas the petition by pleading special acts of negligence requires that the case be submitted on special acts, did not contain a special charge that the truck was being driven on the wrong side of the road.

The law is well settled in this State that where a general act of negligence is charged in a petition, and is fol-

lowed by a charge of special negligence, the plaintiff must recover, if at all, upon the alleged specific acts. [See Zasemowich v. American Mfg. Co., 213 S. W. 799, l. c. 804; West v. Holladay, 196 S. W. 403, l. c. 404; Smiley v. Kenney, 228 S. W. 857.]

We therefore, must reverse the judgment and remand the cause. If on a retrial the plaintiff desires, he should so amend his petition that it will allege all of the specific grounds of negligence that he wishes to charge, and he should submit in the instruction to the jury only those specific charges which are pleaded in the petition and concerning which there is evidence introduced that would sustain them.

For the reasons stated the judgment is reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.