Christine DAWLEY, Plaintiff-Respondent,

v.

John B. HOY, Defendant-Appellant.

No. 47935.

Supreme Court of Missouri,

Division No. 1.

Dec. 12, 1960.

Willson, Cunningham, McClellan & Gunn, Jerome M. McLaughlin, St. Louis, for appellant.

Herman D. Olian, Walter S. Berkman, St. Louis, for respondent.

DALTON, Judge.

This is an appeal by defendant from an order granting plaintiff a new trial. Plaintiff sued for $15,000 damages for personal injuries alleged to have been sustained when automobiles operated by the respective parties came into collision at the intersection of McKenzie Road and Gramond Drive in St. Louis County on April 2, 1958. Defendant counterclaimed for $40 damages to his automobile. On trial, the jury found for defendant on plaintiff's claim and for plaintiff on defendant's claim. The court sustained plaintiff's motion for a new trial and defendant appealed. The appeal was lodged in this court prior to January 1, 1960. See Section 477.040 RSMo 1949, as amended Laws 1959, S.B. No. 7, Sec. 1, V.A.M.S.

Plaintiff's motion was sustained on the ground that Instructions 6 and 7 requested by defendant were erroneous in the respects alleged in the motion for new trial. On this appeal defendant contends that the court erred in sustaining the motion because the instructions correctly declared the law of the case and because plaintiff failed to make a case for the jury on any assignment of specific negligence set forth in her petition. Defendant had offered a motion for directed verdict at the close of all the evidence but it was overruled. If plaintiff failed to make a case for the jury, she was not prejudiced by the giving of the mentioned instructions, even if erroneous, and the court erred in granting plaintiff a new trial. See Highfill v. Brown, en banc, Mo., 340 S.W.2d 656. We shall consider the last assignment first.

The fact that a collision occurred between the mentioned automobiles at the said intersection is not disputed. McKenzie Road is a concrete, north-south through highway, 20 feet in width, with a dividing line along the center. The speed limit by ordinance is 40 m. p. h. Both lanes were open to traffic. There was an 11½ foot shoulder on the east and an 8 foot shoulder on the west. The shoulders are blacktop with some loose gravel. The ground is higher north and south of the intersection, but the low point on McKenzie Road is about 120 feet south of the intersection. Gramond Drive is a blacktop road, 23 feet wide, extending west from McKenzie Road. The southwest corner of the intersection was torn up by reason of sewer construction. The excavation was surrounded by wooden horses. Some heavy excavating equipment was parked on the west shoulder of McKenzie Road so as to block the view southward as one entered the intersection from the west. On the date in question, the weather was clear and the pavement dry.

Plaintiff left her home a short distance west of the intersection about 8 p. m. and drove her husband's 1955 Ford Station Wagon east on Gramond Drive, intending to turn left at the intersection and go north on McKenzie Road. It was then dark and the headlights were on. When she reached McKenzie Road she stopped at the west edge of the pavement and made certain that there was no southbound traffic. She could not see to the south because of the obstructions. She then drove onto the southbound lane of McKenzie Road and stopped with the front part of her vehicle about 2 feet west of the center line, but the car was stopped at a slight angle to the north, since she intended to make a left turn. When she stopped at this point she could see southwardly on McKenzie Road to the top of the grade some distance away and she saw the headlights of what proved to be defendant's 1953 Nash Sedan approaching from the south. It was then about a block and a half away. Since the car was approaching at a high speed, she remained in a stopped position and watched its approach. It was weaving back and forth, but she could not tell whether it crossed the center line of the highway or not. Its speed was 55 to 60 m. p. h. and it swerved across the center line of McKenzie Road into the southbound lane, at least two feet, just before it reached plaintiff's automobile and a collision occurred. The side of defendant's car struck the left front of plaintiff's automobile, a kind of sideswipe, and a piece of chrome was torn off defendant's automobile and left on the highway. The right front fender and headlight of plaintiff's automobile were damaged to the extent of $36. Plaintiff heard no horn and no squeal of brakes. Defendant did not stop or slacken speed, but swerved to his right, went out onto the right shoulder of the highway and back, and then proceeded ahead to his home something like one block north of the place of collision, where he stopped in front of his house. Plaintiff got out of her car, surveyed the damage, got back in and drove to defendant's home. After the parties discussed the matter, and plaintiff's husband arrived, defendant called the police. Subsequently, a police officer arrived and conferred with the parties, but no arrests were made.

For some reason not apparent, the plaintiff offered in evidence the deposition of the police officer who made the investigation. He testified that when he arrived plaintiff was highly incensed because defendant had not stopped immediately to ascertain if anyone had been injured and that plaintiff wanted defendant arrested for being drunk. For this reason the witness made a very careful investigation, but could discover no odor of alcohol on defendant's breath, nor could he find any evidence of intoxication from defendant's talk, ability to walk or otherwise, nor did plaintiff state any reason why she thought defendant was drunk. Plaintiff advised the officer that she was not injured in the collision. She said she was making a left turn onto McKenzie Road; that her vision was partially obscured to the south by grading equipment parked at the corner; that, as she reached the middle of McKenzie Road, she observed defendant's automobile approaching at a high rate of speed; and that his automobile struck her automobile and then continued on for a short distance, which distance the witness said was approximately five houses to the north.

In the trial of the cause, plaintiff testified that the collision "rocked the car," and her body struck the door handle on the left side and bumped her head on the interior of her car, resulting in the injuries of which she complained.

Plaintiff offered certain alleged admissions from a deposition of defendant, including a statement that he was involved in a collision with plaintiff's car on April 2, 1958; that he didn't see plaintiff's car coming out of Gramond Drive until he was within 10 to 15 feet of it; and that, when he saw plaintiff's car about one half way out into the intersection, he took to the shoulder. The left side of his car struck the right front of her car. He didn't apply his brakes or sound his horn and his speed was about 35 m. p. h.

At the trial the defendant testified that he was driving north on McKenzie Road at 35 to 40 m. p. h. with his headlights on;

that there was construction equipment parked and dirt piled at the southwest corner of the intersection of Gramond Drive and McKenzie Road; that he saw the headlights of plaintiff's car, but didn't actually see her car until it was 10 to 15 feet ahead of him; that he was on his own right side of the highway and at no time crossed the center line; that he assumed plaintiff would stop and not drive out into a through highway from his left, but would let him proceed on his right-of-way; that he was approaching from her right; that he didn't know whether she stopped or not, but that she drove into the northbound lane in front of him at about 10 m. p. h.; and that she was headed northeast at the time of the impact. He testified that he did not sound his horn, slacken speed or apply his brakes; and that he had seen the headlights of her car before he saw the car come from behind the obstructions at the side of the intersection. He said the collision happened when plaintiff's car was about to the center of the northbound lane; and that plaintiff was at least 1 foot over into the northbound lane making her left turn at 10 m. p. h. Defendant also testified that his automobile struck plaintiff's car when it was about to the center of the street and that he had gone onto the shoulder to avoid hitting her. He later corrected his testimony to mean that her vehicle reached the center of the northbound lane. At the time of the impact the right two wheels of defendant's car were on the right shoulder of the highway. The damage to defendant's automobile was estimated at $40.

By Instruction 1 plaintiff submitted her case to the jury on defendant's alleged negligence in operating his car so that a part thereof was driven in the southbound traffic lane on McKenzie Road and directly into collision with plaintiff's automobile causing the injuries complained of. No such negligence was pleaded in the petition and defendant-appellant insists that plaintiff made no case for the jury on any pleaded assignment of negligence and that the court erred in overruling defendant's motion for

a directed verdict. By Instruction No. 2 plaintiff submitted negligent speed and by Instruction 3 plaintiff submitted negligent failure to swerve, but appellant says that no case was made for the jury on these issues.

It clearly appears from the transcript that, without objection, plaintiff was permitted to testify that, while plaintiff was stopped 2 feet back from the center line and in the southbound lane of McKenzie Road, the defendant drove his car across the center line of the highway and struck plaintiff's automobile while stationary in that lane. It also appears that the issue tried between the parties was whether the collision happened in the northbound lane or in the southbound lane. Such was the contested issue tried to the jury, denied on one side and affirmed on the other.

After plaintiff had first testified that she drove her car out into the southbound lane of McKenzie Road, stopped it about 2 feet west of the center line and saw defendant's car approaching from the south, she said she continued "to stay stopped" and watched defendant's car approach. At that time defendant's counsel objected to the testimony of the plaintiff "to the effect that she stopped on McKenzie Road prior to the accident for the reason that it is at variance with the pleadings wherein plaintiff states 'That while plaintiff was making said left turn, the defendant drove his automobile northwardly on McKenzie Road and collided with the right front portion of the automobile which plaintiff was driving.'" The sole ground of objection was that "the testimony is now that she was stopped on McKenzie Road instead of turning and that is at variance with the record." The objection was overruled. No objection was ever made to plaintiff's subsequent testimony that defendant operated his automobile across the center line of the highway and into collision with plaintiff's automobile while it was stopped in the southbound lane.

As stated, appellant's theory is that, over objection, plaintiff was permitted to introduce evidence of and instruct the jury on a theory of negligence outside the scope of her pleadings; that she did not allege that defendant operated his motor vehicle on the wrong side of the road or drove it across the center line of the highway into collision with her automobile and, therefore, no such issue could be submitted to the jury. Appellant cites Smiley v. Kenney, Mo.App., 228 S.W. 857, 858; Ritchie v. Burton, Mo.App., 292 S.W.2d 599, 609(10–12); Shumake v. Norton, 215 Mo.App. 87, 238 S.W. 813, 814 and other cases. These cases do not aid appellant under the facts shown by this record. It is conceded, in effect, that the evidence tending to show that defendant drove his automobile onto the left-hand side of the road into collision with plaintiff's automobile was sufficient to make out a submissible case, except for the fact that no such negligence was pleaded in the petition.

When the cause was tried (June 15, 1959) Supreme Court Rule 55.54, V.A. M.R., had not been adopted, but Section 509.500 RSMo 1949, V.A.M.S., was in full force and effect. In view of the record, as hereinbefore stated, plaintiff's petition will be treated as amended to conform to the evidence admitted without objection. Jankowski v. Delfert, 356 Mo. 184, 201 S. W.2d 331, 335; Gooch v. Lake, Mo.Sup., 327 S.W.2d 132, 134. The court did not err in overruling defendant's request for a directed verdict at the close of all the evidence, nor was there error in submitting the negligence submitted by Instruction No. 1. We need not determine whether a submissible case was made against defendant on the assignments of negligence submitted by plaintiff's Instruction 2, on excessive speed, or by plaintiff's Instruction 3, on defendant's failure to swerve.

Did the trial court err in granting plaintiff a new trial on account of error in the giving of Instructions 6 and 7? Were these instructions misleading, confusing, prejudicial and unsupported by evidence as the court found? Instruction No. 6 pur-

ports to submit defendant's counterclaim against plaintiff, and Instruction No. 7 purports to submit plaintiff's contributory negligence as a defense to her claim against defendant. Instruction 6 submits a finding that plaintiff negligently failed to keep a continuous lookout ahead and laterally for vehicles traveling northwardly on McKenzie Road; that plaintiff, in the exercise of the highest degree of care, could have seen and known of defendant's approach and of the probable danger of collision in time thereafter to have avoided the collision by sounding an effective warning, swerving to the left or stopping prior to colliding with defendant's vehicle and that failure to do so was negligence and caused the collision and damage to defendant's automobile.

■ Appellant first insists that, since the jury found the issues in plaintiff's favor and against him on his counterclaim, the error, if any, in the giving of Instruction 6 was cured by the jury's verdict. A party may not complain about an adverse party's instruction when the jury's verdict on the issues submitted by the instruction were decided in the complaining party's favor. Logan v. Field, 192 Mo. 54, 90 S.W. 127; Robbins v. Robbins, Mo.Sup., 328 S.W.2d 552, 556(15). However, the instruction directed a verdict against plaintiff *on her cause of action* as well as for defendant on his counterclaim. The rule cited and relied upon has no application.

Appellant further contends that Instruction 6 is "a correct and accurate statement of the law applicable to the case since there was substantial evidence in the record to support the submission of respondent's negligence, consisting of her failure to keep a proper lookout, her failure to warn appellant and her failure to stop or swerve her automobile, and the facts on which the jury could base a finding in that connection were properly and adequately hypothesized." Respondent, on the other hand, says: "It was erroneous because (1) it failed to require a finding that the collision occurred on defendant's side of McKenzie Road

(northbound traffic lane) or at any other place on said road; (2) it required plaintiff to see when her vision was blocked because of construction equipment and piles of dirt; (3) it submitted a failure to warn when defendant admitted he saw plaintiff's car prior to the collision, and there was no evidence that a warning would have prevented the collision, and (4) it submitted a failure to swerve to the left and to stop when such action would not have prevented the collision, because backing up was the only effective evasive action which could be taken."

■ In determining whether a defendant's instruction is supported by substantial evidence, the court must consider the evidence in a light most favorable to defendant and disregard all unfavorable evidence. Palmer v. Lasswell, Mo.Sup., 287 S.W.2d 822, 827(2-4).

■ There was no evidence that plaintiff did not see defendant and know of his approach or that she did or did not sound a warning of the presence and approach of her vehicle, nor was there evidence that the collision could have been avoided by such a warning by plaintiff. Defendant knew of the approach of plaintiff's vehicle by its headlights but not of its intended entrance into the northbound lane. The instruction is not based on defendant's testimony that plaintiff drove her automobile into his traffic lane immediately in front of his approaching automobile, nor does it submit facts conforming to defendant's theory of the case. While directing a verdict against plaintiff on her claim, it does not submit a finding as to the place of the collision, nor that the collision occurred in defendant's northbound traffic lane, although the place of the collision was the contested issue in the case. The instruction was clearly erroneous, misleading and prejudicial.

■ As stated, Instruction 7 purports to submit plaintiff's contributory negligence as a defense to plaintiff's claim. Appellant

says the instruction was supported by substantial evidence and that it did not over-emphasize plaintiff's duty to exercise the highest degree of care, nor impose additional burdens on plaintiff. Respondent says the instruction was clearly erroneous because it "(1) lectured the jury on plaintiff's contributory negligence, (2) misstated the applicable law, and (3) permitted the jury to find against plaintiff for remote negligence which did not directly contribute to cause the collision." Respondent cites Danner v. Weinreich, Mo.Sup., 323 S.W.2d 746, 750(1). Instruction 7 first stated plaintiff's duty to exercise the highest degree of care in the operation of her automobile and then submitted a finding that the collision occurred in the northbound traffic lane, but it does not submit plaintiff's contributory negligence in driving her car into that lane immediately in front of defendant's rapidly approaching automobile, as testified to by defendant. Instead, it submitted plaintiff's failure to exercise the highest degree of care for her own safety in failing to keep a lookout ahead and laterally for northbound traffic on McKenzie Road and failure to stop or swerve her automobile and avoid a collision. There was no evidence that plaintiff did not keep a lookout and see the headlights of defendant's vehicle and know of its approach. There was evidence that plaintiff did not stop, but entered the northbound traffic lane immediately in front of defendant's vehicle. The instruction submitted a finding that plaintiff "failed to stop her automobile before colliding with that of the defendant *at the time and place mentioned in evidence*", (italics ours) although there was a direct conflict in the evidence as to the place of the collision. This part of the instruction therefore conflicted with the submission of the place of the collision as in the northbound traffic lane and so tended to confuse and mislead the jury. The place of collision, as a basis for plaintiff's contributory negligence, was not clearly specified. Further, the instruction does not clearly submit the contributory negligence relied on as causing the injury.

The court did not err in finding the instructions misleading, confusing and prejudicial or in granting plaintiff a new trial. The order granting a new trial is affirmed.

All concur.