LOUISE ROBB, Appellant, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation.—No. 38763.—178 S. W. (2d) 443.

Division One, March 6, 1944.

*Morris A. Shenker* and *Casper S. Yost* for appellant.

*B. G. Carpenter* and *Moser, Marsalek & Dearing* for respondent.

568

 CLARK, P. J.—Appellant (plaintiff) sued to recover $30,-000.00 for injuries sustained in a collision between an automobile in which she was riding and a streetcar operated by respondent. The verdict and judgment were for respondent (defendant). On appeal to this court appellant assigns as error the action of the trial court in giving instructions numbered two and four at the request of respondent.

The collision occurred on Enright Avenue in St. Louis, a short distance west of Spring Avenue and near a street referred to as a "cutoff", extending southeast from Enright. The streetcar of respondent, while being operated west on Enright, struck the rear of the automobile in which appellant was riding as a passenger. The case was submitted to the jury solely on the humanitarian doctrine by appellant's instruction which, in substance, told the jury that they should return a verdict for appellant if they found that respondent's operator failed to exercise reasonable care to stop the streetcar after he saw, or should have seen, etc., the automobile stopped on the tracks in a position of imminent peril etc.

Respondent's instruction number two was to the effect that, while there was no charge of contributory negligence and while the negligence, if any, of the driver of the automobile could not be imputed to appellant, yet if the jury found that the driver of the automobile operated it so as to pass the westbound streetcar and to be driven upon the tracks in front of and in close and dangerous proximity to the streetcar, and brought the automobile to a sudden stop without any previous indication of an intention to do so, and in doing so the driver of the automobile failed to exercise the highest degree of care and that such failure, if any, was the sole cause of whatever injuries appellant received and were not due to any negligence of the operator of the streetcar as hypothesized in other instructions, their verdict must be for respondent.

Appellant contends that there was no evidence to support the facts hypothesized in the instruction that the driver of the automobile so operated it as to pass and drive in front of and in close and dangerous proximity to the streetcar, and to bring the automobile to a sudden stop without any previous indication of an intention to do so. Further, that there was no evidence upon which to base a sole cause instruction.

 There can be no controversy that an instruction must be based upon evidence and it is unnecessary to review the cases cited by appellant in support of that abstract principle. However, a party is entitled to submit instructions based upon evidence which favors his theory of the case, notwithstanding that such evidence may conflict with evidence offered by the opposing party. [Wilson v. Thompson, 345 Mo. 319, 133 S. W. (2d) 331.] In this case the theories of the opposing parties are in sharp conflict as disclosed by their instructions heretofore mentioned.

■ The operator of the streetcar testified that he stopped the car at the east side of Spring Avenue, discharged passengers and then moved west about eighty-five feet attaining a speed of fifteen to eighteen miles per hour, "to where the car cut in front of me." "I didn't see him until he cut in front of me." "He was right directly in front of me." "He cut exactly in front of me," "I noticed his front end come in first, naturally." "I couldn't see the rear end when I first saw him." This witness said when the automobile ran in front of him he immediately applied the brakes on the streetcar; that the automobile went about sixty-five feet and came to a stop; that ■ after he saw the automobile coming on the track he was unable to stop the streetcar in time to avoid a collision; that under the circumstances he could not stop in seventy-five or eighty feet.

Appellant and other passengers in the automobile testified that they proceeded west along the north side of Enright Avenue until just before they reached the "cut-off" when they pulled over on the westbound tracks and stopped with the intention of making a left turn; that they waited to permit the passage of eastbound traffic; that after they had been at a standstill for a few seconds the streetcar struck the automobile from the rear; that they did not pass any westbound streetcar after they left Grand Avenue and that after they stopped they first saw the streetcar approaching about three hundred feet away. The driver of the automobile testified that he drove it astraddle of the westbound tracks all the way from Grand Avenue to the place where he stopped; that he attained a maximum speed of about thirty miles per hour between Grand and Spring avenues; that he did not begin to decrease the speed until he put out his hand and that the car came to a full stop in four or five feet after he put out his hand.

Appellant says that there is no evidence to support the submission in respondent's instruction that the automobile "passed" the streetcar and came to a "sudden" stop in front of it without any indication of the driver's intention to do so. Appellant further says that the driver of the automobile testified he made an "average" stop after he put out his hand and there was no evidence to the contrary. The various answers of the motorman to the effect that the automobile cut directly in front of him and he saw only the front end of it as it did so, together with the uncontradicted evidence that the automobile traveled at faster speed than the streetcar, could only mean that the automobile "passed" the streetcar. As to the "sudden stop", the motorman testified that the automobile came in front of him and stopped in too short a distance to avoid the collision. The driver of the automobile said he attained a speed of thirty miles per hour, did not decrease his speed until he put out his hand and then stopped within four or five feet. He called that an "average" stop, perhaps meaning an average for him, but the jury had a right to believe it was rather "sudden."

The only negligence on the motorman's part, submitted by appellant, was his alleged failure to stop the streetcar after he saw or should have seen the automobile stopped on the track. Respondent's evidence tended to show that the automobile came on the track and stopped in too short a time and distance to permit the motorman to stop the streetcar and avoid a collision. If the jury believed this testimony they could further find that the collision was solely due to the negligence of the driver of the automobile in driving directly in front of the streetcar and coming to a sudden stop. Appellant does not object to the form of the instruction. We hold that the evidence justifies the submission of the issue of sole cause. [Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, and cases cited.]

On this point appellant cites: Crews v. K. C. Pub. Serv. Co., 341 Mo. 1090, 111 S. W. (2d) 54; Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. (2d) 54; Fassi v. Schuler, 349 Mo. 160, 159 S. W. (2d) 774. They merely hold that a sole cause instruction must be supported by evidence. There is no dispute as to that.

Respondent's instruction number four told the jury that if they believed from the evidence that the automobile was driven on the track in close and dangerous proximity to a moving streetcar when the streetcar was so close that the motorman, in the exercise of ordinary care and with the means at hand, could not have avoided the collision, the verdict should be for defendant.

Appellant says that this instruction unduly narrowed the zone of peril, citing: Shumate v. Wells, 320 Mo. 536, 9 S. W. (2d) 632; Causey v. Wittig, 321 Mo. 358, 11 S. W. (2d) 11; Gray v. Columbia Terminals, 331 Mo. 73, 52 S. W. (2d) 809; McCall v. Thompson, 348 Mo. 795, 155 S. W. (2d) 161. In each of those cases the respective persons were moving toward the same point at an angle from each other, so that their courses would ultimately intersect and a collision occur unless one or the other took some measure to avert it. In such cases the danger zone is wider, but, defendant's duty to act always begins at the point where he sees, or by the proper degree of care should see, that there is likely to be a collision unless he uses available means to avoid it. In the instant case, according to respondent's evidence, the streetcar and the automobile were running parallel to each other. The only negligence charged against the motorman by appellant's instruction relates to his failure to stop. Surely he was under no duty to stop the streetcar every time an automobile passed him. He was not required to apply the brakes until he saw or should have seen that the automobile would likely cross his path. [Kirkham v. Jenkins Music Co., 340 Mo. 911, 104 S. W. (2d) 234; Branson v. Abernathy Furniture Co., 344 Mo. 1171, 130 S. W. (2d) 562; Johnston v. Ramming, 340 Mo. 311, 100 S. W. (2d) 466.]

We find no error in the instructions and the judgment is affirmed. All concur.