Ralph T. HIGHFILL, Respondent,

v.

LeRoy Francis BROWN and H. Azell Morris, Inc., a Corporation, Appellants.

No. 47745.

Supreme Court of Missouri,

En Banc.

Nov. 14, 1960.

Rehearing Denied Dec. 12, 1960.

James H. Keet and Walker, Daniel, Clampett, Rittershouse & Ellis, Springfield, for appellants.

Farrington & Curtis, Richard Farrington, and Mann, Walter, Powell, Burkart & Weathers, Jack A. Powell, Springfield, for respondent.

DALTON, Judge.

This is an action for $62,150 damages for personal injuries and property damage sustained by plaintiff when the right front of his 1956 Ford automobile came into collision with the left side of a Ford pickup "wrecker truck" owned by defendant, H. Azell Morris, Inc., a corporation, and operated by its agent, defendant Brown, as plaintiff was attempting to pass the truck from the rear and the truck made a left turn from U. S. Highway No. 65 into a private driveway on the left-hand side of the highway. Defendant Brown and Morris, Inc., each filed counterclaims, Brown asking $25,000 damages for personal injuries and Morris, Inc., asking $900 for damage to its truck. The cause was previously tried and an appeal taken. See Highfill v. Brown, Mo.Sup., 320 S.W.2d 493. The second trial, as did the first, resulted in a verdict for defendants on plaintiff's claim and verdicts for plaintiff on defendants' counterclaims; and, also as in the former trial, the court sustained plaintiff's and overruled defendants' motions for new trial. Defendants have again appealed. For convenience we shall continue to refer to the parties as plaintiff and defendants. We shall also adopt, without quotation marks, but with certain modifications, portions of an opinion prepared in, but not adopted by, Division One of this Court.

Plaintiff's motion for a new trial was sustained on the sole ground that "Instruction No. 9, given at the request of the defendants, was erroneous and prejudicial." Defendants here contend that the court erred in granting a new trial to plaintiff on the stated ground and, also, that plaintiff was guilty of contributory negligence as a matter of law and that no case was made for the jury on plaintiff's claim. We shall consider the last assignment first.

█ If the defendants are correct in their contention that plaintiff made no case for the jury, the error, if any, in the giving of Instruction 9 was immaterial, because not prejudicial to plaintiff, and the court

erred in granting plaintiff a new trial. Shroder v. Barron-Dady Motor Co., Mo. Sup., 111 S.W.2d 66, 67; Lindsey v. Vance, 337 Mo. 1111, 88 S.W.2d 150, 151; Rose v. Thompson, 346 Mo. 395, 141 S.W.2d 824, 830(8).

█ The issue of plaintiff's contributory negligence as a matter of law was properly raised in the trial court, since defendants pleaded such negligence, and at the close of all the evidence, moved for a directed verdict in their favor on that ground. In determining the issue presented, we must consider the evidence in a light most favorable to plaintiff and give him the benefit of all favorable inferences reasonably to be drawn from all the evidence. We shall disregard defendants' evidence, unless it aids the plaintiff's case. Neal v. Kansas City Pub. Service Co., 353 Mo. 779, 184 S.W.2d 441, 442.

The collision in question occurred about 5:30 p. m. February 18, 1957, at a place on U. S. Highway No. 65 a few miles north of Springfield. This black-top, north-south highway was 24 feet wide and wet at the time of the collision. As stated, defendant Brown was driving his employer's truck north on the highway and was in the process of turning left into a driveway or gravel road on the west side of U. S. Highway No. 65 when the left side of the truck was struck by the right front of plaintiff's automobile which plaintiff was driving north on the same highway. Immediately prior to the collision, plaintiff had passed two automobiles, which were following the truck, and he was about to pass the truck when the collision occurred. The facts and circumstances reviewed in the opinion on the prior appeal, on the issue here, are substantially the same as shown by this record. Both vehicles were damaged and both plaintiff and defendant Brown were injured.

On the particular issue involved the evidence tended to show that as plaintiff proceeded northward on the highway and came over a rise he saw ahead of him the truck

in question followed by two automobiles; that he slowed his automobile and followed these vehicles while he determined that no traffic was approaching from the opposite direction; that the view ahead was clear for a distance sufficient to enable him to safely pass the three vehicles which were moving at a speed in the neighborhood of 30 m. p. h.; that he didn't notice any change in their speed as he slowed behind them; that the highway was straight and reasonably level ahead; that he turned left into the southbound-traffic lane, speeded up, sounded his horn, passed the first automobile, signaled for the second, passed it, passing at 45 to 50 m. p. h.; and that he had signaled to pass the defendants' truck when the truck, suddenly and without any signal or warning, began a sharp left turn and came into the path of his automobile and, despite the application of his brakes and an attempt to swerve left, he ran into the left side of the truck at a point 15 feet south of the south edge of the gravel driveway into which the truck was turning. The truck had not crossed over the center line of the highway prior to making the sudden left turn. Plaintiff was looking straight ahead and, also, watching the three vehicles while undertaking to pass. He had made sure in his own mind that "there wasn't none of them going to turn," before he pulled into the left lane to pass.

In support of their contention that plaintiff was guilty of contributory negligence as a matter of law, defendants insist that the record conclusively shows that plaintiff "did not keep a proper lookout"; and that "he had constructive, if not actual, notice of Brown's impending left turn and could have avoided the accident by heeding this notice but, instead, persisted in his passing movement." Defendants' argument in support of their position clearly shows that it is not based on a favorable view of plaintiff's evidence. In material respects their argument is based upon evidence offered by defendants, which evidence is not binding on plaintiff and, in fact, materially conflicts with, and is contradicted by, plaintiff's evidence and his personal testimony.

Plaintiff's position on this issue is that since the opinion on the former appeal held that there was "evidence from which a jury could find that either or both of the drivers were free from negligence", this Court has held that plaintiff was not as a matter of law negligent; that this holding is the law of the case; and that, inasmuch as there is presently no contention by defendants that the former holding in that respect was palpably wrong and inasmuch as the evidence was essentially the same at the two trials on the matters relevant to the issue of contributory negligence, defendants' present contention has been determined adversely to them by the former opinion.

It is apparent to us from the statement of the case contained in the opinion on the prior appeal that the essential facts relevant to the issue of plaintiff's contributory negligence were the same at the two trials. Indeed, defendants seem to concede that the essential facts were the same unless the specific matters pointed to by them caused the facts to be substantially different at the second trial. Defendants now insist that plaintiff made certain admissions in the trial of this case which were not in the record of the first trial, but, in fact, defendants only seek to draw adverse and unfavorable inferences from portions of plaintiff's testimony and to construe certain ambiguous statements unfavorably to plaintiff. From these alleged admissions and other evidence defendants insist that, as a matter of law, plaintiff negligently failed to keep a proper lookout and so caused and contributed to the collision; and that the new trial on plaintiff's claim was erroneously granted. We have examined the testimony which defendants contend was new or materially different at the second trial and find that the record does not support their contention. We must and do hold that the determination on the former appeal that plaintiff was not as a matter of law contributorily negligent has become the law of the case on that issue.

Donahoo v. Illinois Terminal R. Co., Mo. Sup., 300 S.W.2d 461, 464[1]. We are also of the opinion that the prior ruling on that issue was correct. The assignment is overruled.

Did the trial court err in granting plaintiff a new trial on the ground that Instruction No. 9, given at the request of defendants, was erroneous and prejudicial? Instruction 9 was defendants' instruction submitting plaintiff's contributory negligence. It submitted a finding " * * * that on February 18, 1957, the east-west gravel driveway to the left mentioned in the evidence * * * was openly visible to northbound motorists on said highway for at least one-quarter of a mile to the south thereof, * * * that * * * the defendants' automobile was being operated in a northerly direction * * * approaching the aforesaid driveway to the left, * * * that as defendants' automobile approached said driveway to the left, * * * it was slowed to a speed of approximately 20 to 25 miles per hour, * * * and was moved near the centerline of the pavement, * * * and that its red, mechanical blinker light was put into operation indicating a left turn when it was approximately 100 feet from said driveway * * * that the plaintiff was also operating his automobile in a northerly direction over and upon said highway * * * behind the defendants' automobile and was also approaching the aforementioned driveway to the left, * * * that at said time and place the plaintiff overtook the defendants' automobile from the rear and * * * drove his automobile to the left side of the highway for the purpose of overtaking and passing the defendants' automobile at said driveway, when plaintiff saw, or in the exercise of the highest degree of care should have seen, defendants' automobile approaching said driveway at a speed of 20 to 25 miles per hour in a position near the centerline of the pavement, if so, and saw, or should have seen, the red, mechanical blinker light operating on defendants' automobile indicating a left turn, if you find it was, and if you find that such signal, for a left turn, was adequate and timely and that the plaintiff thereafter attempted to pass defendants' automobile at said driveway, and failed to operate his automobile in such a position and have it under such control that he could slow, and stop, so as to prevent running into the defendants' automobile, if so, and if you find and believe that such failure, if any, was negligence on the part of the plaintiff and that such negligence, if any, directly and proximately caused or contributed to cause the collision * * *."

■ In support of the trial court's order granting him a new trial the plaintiff first contends that Instruction No. 9 was prejudicially erroneous in that it gave the jury a roving commission in that "what constitutes an 'adequate and timely signal' is left for the jury to speculate upon and' guess at." Plaintiff says the instruction failed to submit a finding that the plaintiff, at the time the left-hand turn signal was given, was in a position on the highway and traveling at such a speed that he could have slowed and stopped; and that, absent such a finding, the jury was given a roving commission to speculate, guess and determine what constituted an "adequate and timely" signal. Plaintiff further argues that the instruction failed to require a finding that plaintiff could have slowed or stopped *after* the blinker signal was started, and if plaintiff did not have the means or time to slow or stop his car *after* observing the blinker signal [or *after* he should have observed the blinker signal], then the signal was not adequate and timely. We do not find the instruction erroneous in the respects mentioned. The words "adequate and timely" needed no definition. The jury, as men of ordinary intelligence, would know that an adequate and timely signal or warning meant one sufficient to advise of the proposed left turn and given in time for a motorist to the rear, in the exercise of the highest degree of care for his own safety, to avoid a collision. A definition was unnecessary to make the terms used more intelligible. Ward v. Missouri Pac.

Ry. Co., 311 Mo. 92, 277 S.W. 908, 911(7); White v. Rohrer, Mo.Sup., 267 S.W.2d 31, 35(5–9); Matthews v. Mound City Cab Co., Mo.App., 205 S.W.2d 243, 250(14, 15); Allen v. Wilkerson, Mo.App., 87 S.W.2d 1056, 1062(7). If plaintiff thought that a definition should have been given, it was his duty to have offered an instruction containing the explanation he desired. Engleman v. Railway Express Agency, 340 Mo. 360, 100 S.W.2d 540, 543(4–7); Matthews v. Mound City Cab Co., supra. If plaintiff felt the matter was not clear, he should have offered a clarifying instruction. Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496; Taylor v. Alexander, Mo.Sup., 283 S.W.2d 588, 591.

Plaintiff further contends that the instruction attempts to apply the duty of a following vehicle to the plaintiff's vehicle when, in fact, plaintiff's vehicle was a passing vehicle; and that the instruction "instructs the jury on a 'following' situation rather than a 'passing' situation." In support of this contention plaintiff argues that he was never in a "following" situation as to the defendants' truck and that the instruction does not conform to the evidence. He says that his action is grounded on Sec. 304.016 RSMo, V.A.M.S. and that the instruction was confusing and misleading. We find no merit in this contention. Plaintiff testified that he slowed down in his right-hand lane behind the three vehicles, saw no southbound traffic, "so I sounded my horn and pulled over to go around." He continued in the left lane and speeded up, attempting to pass all three vehicles in one passing movement. The instruction conforms to plaintiff's own evidence.

Plaintiff further contends that the court did not err in granting a new trial because there is no evidence "as to the location or speed of the plaintiff's car on the highway at the time defendants' truck was 100 feet south of the Jones driveway" and the trial court correctly held the instruction erroneous (1) because one of its essential hypotheses, viz., that the left-turn signal was timely, was not supported by the evidence; and (2d) because there was no evidence from which the jury reasonably could have found that *after* the left-turn signal was given as hypothesized, plaintiff, in the exercise of the highest degree of care, could or should have avoided the collision.

In determining whether the defendants' Instruction No. 9 was supported by evidence we must consider the evidence in a light most favorable to defendants and give them the benefit of all favorable inferences reasonably to be drawn from all the evidence and disregard plaintiff's evidence unless it tends to support the defendants' defense to plaintiff's claim as submitted by the instruction. Rothe v. Hull, 352 Mo. 926, 180 S.W.2d 7, 9; Palmer v. Lasswell, Mo.Sup., 287 S.W.2d 822, 827; Villines v. Vaughn, Mo.Sup., 330 S.W.2d 782, 785. A party is entitled to submit instructions based upon evidence which favors his theory of the case, notwithstanding that such evidence may conflict with evidence offered by the opposing party. Robb v. St. Louis Pub. Service Co., 352 Mo. 566, 178 S.W.2d 443.

The wrecker truck was equipped with three-inch electric flashing signal lights in good operating condition. As defendant Brown went north on the highway he passed Krasser's store at about 50 m. p. h. and proceeded north to near a culvert some 300 feet south of the point of collision, where he slowed down to 20 m. p. h. and pulled over to the center line. He turned on the left signal light when he was something like 100 feet south of the driveway. As he slowed down, he looked back and saw one car a car's length behind him. It was driven by Joe Highfill, plaintiff's cousin. Brown heard no horn. He saw that the car behind him had slowed down and its driver gave no indication of an intent to pass, so he moved over to the center line of the highway and turned left. His front wheels had reached the gravel in the driveway at the west side of the pavement when the collision occurred. He heard a horn just as he got hit. The truck came to a stop four-car lengths north of the driveway and plaintiff's car one-car length beyond the

drive. The left signal light on defendants' truck was still operating after the collision had occurred.

Plaintiff told a patrolman that he was going 50 m. p. h. at the time of the collision. Plaintiff passed Krasser's store, one-fourth mile south of the point of collision, at 60 or more m. p. h. Plaintiff's car left 30 feet of skid marks on the left or west side of the highway and south of the driveway. The damage to the truck was to the rear of the cab. The cab had been hit at a 45 degree angle and shoved forward.

Some of plaintiff's evidence tends to support defendants' defense and supports the giving of Instruction No. 9. Plaintiff lived north of Springfield and had worked in Springfield for more than 12 years. He drove to and from that city daily. He was very familiar with this particular portion of U. S. Highway No. 65, including the side road in question. At the time in question, it was daylight and plaintiff was on his way home from work. It had been "misting rain" and the blacktop was wet. Plaintiff's 1956 Ford Sedan was in good working or mechanical condition, and so were its brakes and horn. Plaintiff said he had been driving 40 to 45 m. p. h. prior to coming over the rise and that he "slowed down" behind the three vehicles ahead of him. He wanted to see that the way ahead was clear. He said the three vehicles were going about 30 m. p. h. which was noticeably slower than his speed. He didn't remember whether they slowed or increased speed after he observed them, but he slowed to 30 m. p. h. At that time he saw the road that led off west of U. S. Highway No. 65 into which the truck later turned. It was clearly visible when he crested the hill and saw the three cars ahead. When he sounded his horn and pulled around to pass the three vehicles, his car was then two-car lengths behind the rear car ahead. The three vehicles were about two-car lengths, or better, apart when he began the passing movement. From the time he started around he continued in the left lane and increased his speed to 45–50 m. p. h. in attempting to pass. Plaintiff did not know how far he was south of the truck when the truck crossed the center line of the highway, or at what angle it started across that line. He said he did not remember where the vehicles collided; that the left front wheel of plaintiff's car was on the gravel; and that the wrecker truck "might have been on the shoulder * * * at the edge of the driveway." As to whether his car hit the truck or the truck hit his car, he said, "Well, they got together anyway." As to the passing movement plaintiff testified: "I honked as I started around the first one, and as my bumper, front end got about even with the other one (second one) I honked, and I got around him and as I was about a car length or shortly, why, I honked as I was going around the wrecker." He also said he was one or two-car lengths behind the wrecker (truck) when he sounded his horn to pass. He was then three or four-car lengths south of the east-west drive and the collision occurred a little less than a car length south of the drive.

Plaintiff's witness, Joe Highfill, the driver of the first car behind the truck, came over the mentioned rise at 55 to 60 m. p. h., came up behind the truck, which was going 25 to 30 m. p. h., and followed it 100 to 200 feet close behind, not over one-car length. He never did see plaintiff's car before the crash but heard a horn just as the crash occurred. He had seen the truck making a normal left turn and he swung out and started around it and *was north of the truck* when the collision occurred. The speed of the truck could have been 20 m. p. h. Plaintiff's witness, Mrs. Donna C. Highfill, *riding with her husband Joe*, first saw the electric signal operating on the truck about 100 feet before the collision and also at the time the truck turned. She thought the speed of the truck was not over 20 m. p. h., it could have been less. She never saw plaintiff's car, but heard one honk immediately before the crash.

■ In determining whether the evidence considered favorable to defendants.

and to Instruction No. 9 reasonably supports the giving of the instruction, we must keep in mind that Brown's testimony that the truck's red, mechanical blinker light was put into operation indicating a left turn when the truck was approximately 100 feet from said driveway was a mere estimate and defendants were not conclusively bound thereby, because under all the facts and circumstances in evidence the jury was at liberty to find the exact distance either more or less than the distance stated. A party is not conclusively bound by his estimates of time, speed or distance. Fenneren v. Smith, Mo.Sup., 316 S.W.2d 602, 608. Mrs. Highfill gave the same distance from the collision. Further, in determining whether the evidence tends to show that the left-turn signal was adequate and timely we must keep in mind that plaintiff was required by law to exercise the highest degree of care in the operation of his automobile, to drive at a rate of speed so as not to endanger the property of another or the life or limb or any person, and to sound a signaling device when overtaking and desiring to pass an overtaken vehicle. Sections 304.010 and 304.020 RSMo 1949, V.A.M.S. The question is did the evidence support the instruction by sufficient facts from which the jury could infer and find that the left-turn signal was adequate and timely for one obeying the law and exercising the highest degree of care in the operation of his car and keeping a lookout when undertaking to pass the truck.

■ The instruction is not a model, but as we read it, it submitted a finding of plaintiff's specific contributory negligence in negligently and carelessly failing to keep and maintain a proper lookout for other vehicles upon the highway. See Faught v. Washam, 365 Mo. 1021, 291 S.W.2d 78, 82(4, 5). The submission of plaintiff's negligent failure to have his automobile under control so that he could slow, or stop and avoid a collision was a submission of general negligence. McCarthy v. Sebben, Mo.Sup., 331 S.W.2d 601, 606 (concurring opinion of Hyde, P. J.) ; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872, 875. Plaintiff's own Instruction No. 1 submitted a finding "that at said time and place the plaintiff was exercising the highest degree of care in the operation of his automobile." In determining whether the evidence supports Instruction No. 9 as to the signal being adequate and timely, so as to support defendants' charge of contributory negligence against plaintiff, we must recognize that defendant Brown could assume that any motorist desiring to pass would obey the law both as to care and signal. One cannot ordinarily be charged with negligence in failing to anticipate negligence on behalf of another. One is not negligent in assuming and acting upon the assumption that others will not violate the law or fail to exercise due care for their own safety, in the absence of notice to the contrary. Branstetter v. Gerdeman, 364 Mo. 1230, 274 S.W.2d 240, 246; Slaughter v. Myers, Mo.Sup., 335 S.W.2d 50, 53; Keely v. Arkansas Motor Freight Lines, Mo.Sup., 278 S.W.2d 765, 769(4, 5); Jackson v. Kansas City, Ft. S. & M. R. Co., 157 Mo. 621, 58 S.W. 32, 39; 65 C.J.S. Negligence § 15, p. 402.

■ As to the specific contention that there is no evidence as to the location or speed of plaintiff's car on the highway at the time defendants' truck was 100 feet south of the driveway, a view of the evidence favorable to defendants shows that plaintiff had been driving in excess of 60 m. p. h. and that he undertook to pass three automobiles at 50 m. p. h., after they had slowed down from near that speed and had been proceeding for two or three hundred feet at only 20 m. p. h. Only plaintiff's evidence shows that plaintiff slowed down behind the three vehicles. Plaintiff admitted colliding with the truck at 50 m. p. h. after laying down 30 feet of skid marks. From this evidence as to the respective speeds of plaintiff's car and defendants' truck when the left-turn signal light was put into operation when the truck was approximately 100 feet from the driveway, the jury could determine the location of

plaintiff's car on the highway with reference to defendants' truck and could infer and find that plaintiff was proceeding two and one-half times as fast as the truck and was some 250 feet from the point of collision when the left-turn signal light was put into operation. The evidence would also support a finding that plaintiff driving more than 50 m. p. h. was undertaking to pass defendants' truck operating at 20 m. p. h. and that no signal was sounded by plaintiff until plaintiff's car was one-car length behind the truck and that the signal immediately preceded the collision. There was no evidence from which a jury could infer that defendant Brown had knowledge of the speed of plaintiff's automobile prior to the collision. There was no evidence as to the distance in which plaintiff, in the exercise of the highest degree of care, could have stopped or could have slowed the automobile sufficiently to have avoided the collision under the conditions there existing. We have said often that we do not take judicial notice of the exact distance in which an automobile may be stopped at a given speed, but that we may, nevertheless, take judicial notice that an automobile may be sufficiently slowed or stopped within certain distance limits. Mallow v. Tucker, Mo.Sup., 281 S.W.2d 848, 851; Pennington v. Carper, Mo.Sup., 309 S.W.2d 596, 602. However, this instruction submitted specific contributory negligence in failing to keep a proper lookout. It submitted a finding in the conjunctive as to the visibility of the driveway to the left, the slackening of the truck's speed, its movement to near the center line of the highway and the activation of its left-turn signal. Since the jury could infer and find from the evidence that the driveway to the left was clearly visible; that the speed of the truck had been slowed from 50 m. p. h. to nearly 20 m. p. h. 200 to 300 feet from the driveway; that the truck had moved over to the center line as it approached the drive; and that the truck's left-turn signal was put on approximately 100 feet from the driveway,

we think the jury could also infer and find that the left-turn signal as given by Brown was *adequate and timely* as to one who was exercising the highest degree of care in the operation of his automobile and who was maintaining a diligent watch for other vehicles on the highway when undertaking to pass. It was unnecessary for defendants' evidence to show that *after* the left-turn signal was operating, the plaintiff, regardless of any prior negligence of plaintiff if unknown to defendant Brown, or any negligent speed at which plaintiff was then operating his car could, thereafter, by the exercise of the highest degree of care have stopped or slackened speed and avoided the collision. The instruction was supported by sufficient substantial evidence on the issues presented.

Plaintiff contends that this Court should affirm the granting of a new trial and defer to the ruling of the trial court because there was a legal basis upon which the trial court could exercise its discretion. The motion was sustained on the ground that the instruction was "erroneous and prejudicial." Whether the instruction was erroneous and, therefore, prejudicial was a question of law to be determined upon the record presented. No fact question was involved. The power of the trial court to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact. There is no discretion as to the law of a case. Schipper v. Brashear Truck Co., Mo.Sup., 132 S.W.2d 993, 997, 125 A.L.R. 674. We have held that, as a matter of law, the instruction was not erroneous in view of the record. The court therefore erred in granting a new trial.

Our holding, supra, that plaintiff was not guilty of contributory negligence as a matter of law disposes of defendants' (appellants) final contention on this appeal that the trial court erred in not directing a verdict for defendants on their counterclaims on the ground that plaintiff as a matter of law was contributorily negligent.

The order granting a new trial to plaintiff is reversed and the cause remanded with directions to the trial court to reinstate the verdict of the jury in favor of defendants on plaintiff's claim and to enter judgment thereon for defendants.

HYDE, C. J., and WESTHUES, EAGER, STORCKMAN and LEEDY, JJ., concur.

HOLLINGSWORTH, J., concurs in result only.