**Minnie RUDIN, Appellant,**

v.

**Raymond J. MOSS, Respondent.**

**No. 48135.**

Supreme Court of Missouri,

Division No. 2.

Sept. 11, 1961.

Motion for Rehearing or to Transfer to Court en Banc Denied Oct. 9, 1961.

Morris A. Shenker and Frank B. Green, St. Louis, for appellant.

Samuel Richeson Dearing, Richeson & Weier, Hillsboro, for respondent.

BOHLING, Commissioner.

Mrs. Minnie Rudin sued Raymond J. Moss for personal injuries received when defendant's automobile struck the rear of plaintiff's automobile, asking $17,500 damages. The trial resulted in a verdict and judgment for the defendant. Plaintiff has appealed.

The merits of this appeal involve the propriety of defendant's instruction No. 3. The collision occurred about 4:30 p. m., July 22, 1957, on Big Bend Road near and north of its intersection with Forsyth Avenue, a short distance west of the corporate limits of St. Louis City. Plaintiff and defendant were southbound on Big Bend, which has two lanes for southbound and two lanes for northbound traffic. Defendant's said instruction, so far as material here, after informing the jury it was the duty of plaintiff to exercise the highest degree of care in the operation of her automobile, predicated a defendant's verdict upon findings, among others, that defendant was southbound on Big Bend Road in the second lane from the right-hand curb and plaintiff was southbound in the curb

lane; that plaintiff altered the course of her automobile so as to pass from the curb lane into the second lane in front of defendant's automobile, "and that the plaintiff then brought her car to a stop in front of the defendant's automobile at a time when the defendant was so close to plaintiff's automobile that he could not bring his automobile to a stop *or swerve* the same so as to avoid a collision, and" in so doing plaintiff was negligent and such negligence, if any, directly contributed to cause the collision. (Italics ours.)

Plaintiff's sole contention is that said instruction is erroneous "because there was no evidence whatever in the entire case concerning defendant's ability or inability to swerve," stressing Hartmann v. St. Louis-S. F. Ry. Co., Mo.App., 280 S.W.2d 442, 447 [7]; Alwood v. St. Louis Pub. Serv. Co., Mo.App., 238 S.W.2d 868, 872 [7]. Defendant's position is that the evidence on his behalf was sufficient to support the submission of his inability to stop or to swerve.

■ Litigants, plaintiffs or defendants, are entitled to a consideration of the evidence and the reasonable inferences therefrom in the most favorable light in ruling the sufficiency of the evidence to sustain a submitted theory of the action or defense. Highfill v. Brown, Mo., 340 S.W.2d 656, 661 [6, 7]; Thurman v. St. Louis Pub. Serv. Co., Mo., 308 S.W.2d 680, 684 [2, 3]; Robb v. St. Louis Pub. Serv. Co., 352 Mo. 566, 178 S.W.2d 443, 444 [1, 2].

Big Bend and Forsyth intersect at right angles. There is an electric traffic signal at the intersection. Defendant adduced evidence that at first he was southbound in the curb lane, traveling about 20 m. p. h., or about 20 to 25 m. p. h. according to a passenger in his car, and, when a car in front of him signaled for and started a right turn into a side street, estimated to be about a half block north of Forsyth, defendant turned to his left and continued south in the second lane. Plaintiff, in the curb lane, then passed defendant at a speed of 30 to 35 miles an hour, "and cut right in front of me, cut

me off," when 20 to 30 feet ahead of defendant. This caused defendant to slacken his speed to about 15 miles an hour. After plaintiff got into the second lane her speed slackened and defendant got back up to his former speed, about 20 miles an hour. There were four or five vehicles ahead, taking both lanes, moving slowly. Defendant knew they would have to stop at the intersection but stated "we still had room." Defendant and his passenger testified that plaintiff, when defendant was about 20 feet behind her, made a sudden stop, "stopped all of a sudden," without giving any signal of her intention to stop by arm or by the operation of the brake light on her automobile. Defendant immediately applied his brakes but was unable to stop his automobile before it collided with the rear of plaintiff's automobile. Defendant and his passenger estimated skid marks of "about six feet" were left by defendant's car.

■ A party is not conclusively bound by his estimates of speed, distance or time. Davis v. Kansas City Pub. Serv. Co., 361 Mo. 168, 233 S.W.2d 669, 674 [1]; Highfill v. Brown, Mo., 340 S.W.2d 656, 662 [8–10].

■ West v. St. Louis-S. F. Ry. Co., Mo., 295 S.W.2d 48, 54 [8], states: "Courts take judicial notice that, when a situation demanding some action arises, some appreciable time is required for a motor driver, a motorman or an engineer to react to the appearances of danger and to begin to avoid the situation. Unless a longer time affirmatively appears in the proof, the courts recognize that such reaction time is three-quarters of a second." There was no evidence in the instant case establishing reaction time. Taking defendant's speed at 20 m. p. h., he was traveling at the rate of 29.33 feet a second; and allowing a reaction time of three-fourths of a second defendant would travel 21.99 feet after plaintiff suddenly stopped before he could act to avoid colliding with plaintiff's automobile. The jury could find under defendant's uncontradicted evidence that plaintiff's auto-

mobile was only 20 feet in front of defendant's automobile when plaintiff suddenly stopped without warning. Plaintiff makes no contention that there was not sufficient evidence for the submission of defendant's inability to stop. We conclude that there was substantial evidence of record from which the jury could also find that defendant could not have swerved his automobile and avoided the collision. If consideration be given to a speed of 20 to 25 m. p. h. for defendant's automobile (defendant's witness-passenger's estimate), defendant's inability to avoid the collision by stopping or by swerving would be increased. Scott v. Gray, Mo., 337 S.W.2d 38, 41 [1]; Davis v. Kansas City Pub. Serv. Co., supra. It follows, based on defendant's testimony, that instruction No. 3 is not erroneous on the ground assigned by plaintiff.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.

On Motion for Rehearing or to Transfer
to Court en Banc

PER CURIAM.

Plaintiff has filed a motion for rehearing or to transfer to Banc in which she contends the opinion herein is based on plaintiff making an "instantaneous" stop and ignores the fact that it took plaintiff some time and space to come to a stop. The opinion may be subject to such interpretation. However, if the plaintiff "stopped all of a sudden" without any signal whatever of an intention to stop when defendant was 20 feet behind plaintiff and traveling 20 or 20 to 25 m.p.h., plaintiff's stop was quick in time and short in distance. The two cars, at defendant's greater speed

after plaintiff started stopping, would be within much less than the 20 feet of each other in the three-quarters of a second required for defendant to take in the situation and react to plaintiff's "sudden" stopping; and we may not say as a matter of law that a jury could not infer from the facts of record that defendant was unable to swerve in the remaining time and distance to avoid the collision. With this modification of the opinion, plaintiff's motion is overruled.