Minnie Marie DEAN, (Plaintiff) Respondent,

v.

Juanita JACKSON, (Defendant) Appellant.

No. 31309.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

Henry D. Espy, St. Louis, for appellant.

Evans & Dixon, Eugene K. Buckley, St. Louis, for respondent.

WOLFE, Acting Presiding Judge.

This action involves only the counterclaim of defendant, Juanita Jackson, as the plaintiff had dismissed her action prior to the trial on the counterclaim. The counterclaim arose out of a collision between the automobile of the defendant and the automobile of the plaintiff. The defendant's claim is for damages arising out of personal injuries, working time lost, and medical expenses. The trial was to a jury, which returned a verdict for the plaintiff, and from the resulting judgment the defendant appealed.

The collision in question occurred at the intersection of Evans Avenue and Deer Street, in the City of St. Louis. Evans Avenue runs in an east and west direction. Deer Street comes into it from the north. It does not cross Evans, but terminates at the intersection. A plat of the street would therefore form a "T" at the place of collision. Evans was 40 feet wide, and automobiles were parked "here and there" on the south side of the street. There were no witnesses to the collision except the plaintiff and defendant. Each party was driving her automobile eastwardly on Evans prior to the collision. There was no one in either car other than the driver. The defendant is the claimant here, and, as stated, only her counterclaim was tried. Both parties testified, and their respective versions of what happened are in considerable conflict.

The defendant stated that at 10:15 P.M., October 13, 1959, she entered Evans Avenue and began driving to the east. She entered Evans from Cora Avenue, which is a block west of Deer Street. She said that she drove eastwardly on Evans, at a speed of about 25 miles an hour, for about half a block, and then moved her automobile to the left, so that it was a few inches south of the center of the street, and that she reduced her speed to 15 miles per hour. She said that she turned on her left-turn signal and looked into her rear mirror. She saw the lights of an eastbound automobile behind her after she had traveled a half block on Evans Avenue. She said that after she was in the intersection and about to make a left turn into Deer Street, she looked in the rear view mirror, and the car behind her was about two car lengths to her rear.

Before she made the turn she looked to her right and again into the mirror. She never looked to the left. She said that she then turned her car to the left and that it was struck at the door on the left side by the car of plaintiff. She said her car was damaged near the left headlight and on the left side. She said that her car came to a stop, but that plaintiff's car passed on to her left and came to rest against a sewer opening at the northeast corner.

The plaintiff's version of what happened is at wide variance with the defendant's. She testified that she entered Evans Avenue to the west of the intersection where the defendant entered, and drove eastwardly with the intention of making a left turn at the Deer Street intersection. She saw the defendant's automobile enter Evans Avenue at Cora Avenue about a quarter of a block ahead of her. She saw defendant's car travel close to the line of parked cars on the right side of the street. She said that the defendant's car was slowing down and then starting up, as though the defendant was going to park.

As the plaintiff intended to turn left at the Deer Street intersection, which both cars were approaching, she moved her car so that the left side of it was in the center of the street. She sounded her horn and turned on her left-turn signal. At that time the defendant's car was about two car lengths east of her and was not signaling for any turn. The plaintiff was then traveling at a speed of 20 to 25 miles an hour. While she was still 75 feet west of Deer Street she was passing the defendant's car, and the front of her car was even with the front of the defendant's car. She said that when the entire hood of her car was ahead of the front of the defendant's car, the de-

fendant's car struck the rear of the right front door of her car. Upon the impact the plaintiff lost control, and her automobile went over to the northeast corner of the intersection and struck a high curbing above a sewer there. As stated, there was a verdict for the plaintiff on the defendant's counterclaim, and the defendant is the appellant here.

Defendant charges that an instruction designated as Instruction No. 3 is erroneous. The instruction given on behalf of the plaintiff hypothesizes facts upon which the jury is permitted to find the defendant guilty of contributory negligence. It is based upon the plaintiff's version of the occurrence which gave rise to the accident. She was entitled to have such an instruction given. It of course conflicts with the defendant's evidence, but the jury had to decide which version it was to believe, and it should have been instructed on the law that related to both sets of facts. Robb v. St. Louis Public Service Co., 352 Mo. 566, 178 S.W.2d 443, l. c. 444; Highfill v. Brown, Mo.Sup., 340 S.W.2d 656, l. c. 661.

Some of the points raised against the instruction appear commingled, but the burden of one of the matters urged is that the instruction imposed a duty upon the defendant to avoid colliding with the plaintiff without requiring a finding that she knew, or should have known, that the plaintiff was attempting to pass her. We do not think the instruction is subject to this complaint. It hypothesized plaintiff's failure to keep a lookout. Under the facts hypothesized the plaintiff could have seen the defendant's car to her left had she looked that way. She was under duty to look in the direction in which she was about to turn her car. As stated in Myers v. Searcy, Mo.Sup., 356 S.W.2d 59:

"'The driver of a motor vehicle has the duty to keep a proper lookout and to watch where he is driving, * * * and his failure to do so is negligence,

which will prevent his recovery for injuries sustained as a result thereof, even though the other person is also at fault. * * * (A) motorist intending to make a left turn at an intersection must see to it that the movement can be made in safety, that there is sufficient space for the turn to be so made, and that the turn can be made without danger to normal overtaking or oncoming traffic; and he must accordingly proceed with caution and take care to avoid collisions with other vehicles. * * * The driver contemplating a left turn must keep a vigilant lookout for approaching vehicles, and also for vehicles which may be following him.' 60 C.J.S. Motor Vehicles § 284a, pp. 661, 662, and § 367c (1), pp. 908, 909. See also Auckley v. Robbins, La.App., 45 So.2d 380. In this connection we have also recently said that 'An operator of an automobile on a public highway cannot assume that another automobile would not be present on the highway under circumstances that would be in violation of the rules of the road and for that reason not maintain the continuous lookout required of drivers.' Pitts v. Garner, Mo.Sup., 321 S.W.2d 509, 518."

It is contended, also, that the instruction was not supported by the evidence, but with this we cannot agree. There was substantial evidence to support the instruction given, and the facts that it hypothesized were those testified to by the plaintiff.

There is a further assignment that "the verdict and judgment is against the weight of the evidence. * * *" Such a contention is essentially for the trial court's consideration when the evidence, as here, is entirely oral. Regardless of that, however, physical facts disclosed by photographs support the plaintiff's version of how the accident occurred. Robbins v. Robbins, Mo.Sup., 328 S.W.2d 552.

It is asserted that a burden of proof instruction imposes upon the defend-

ant the burden of proving that she was not guilty of contributory negligence. The instruction is not subject to this objection inasmuch as it simply places upon the defendant the burden of proving plaintiff's negligence. Byrd v. McGinnis, Mo.Sup., 299 S. W.2d 455, 1. c. 459; Brown v. Thomas, Mo. App., 316 S.W.2d 234; Montgomery v. Ross, Mo.Sup., 218 S.W.2d 99.

The last point raised complains of the measure of damage instruction. It appears to be in proper form, but we do not need to consider this. The jury having found for the plaintiff on the issue of liability, consideration of damages was never reached. Dryden v. St. Louis Public Service Co., Mo.Sup., 264 S.W.2d 329, and cases therein cited.

For the reasons above stated, the judgment is affirmed.

ANDERSON, J., and JACK P. PRITCHARD, Special Judge, concur.

RUDDY, J., not participating.