Henry STEIN, Respondent,

v.

Robert McDONALD, Charles L. McDonald, and Mrs. A. T. Moore, Appellants.

No. 50983.

Supreme Court of Missouri, Division No. 2.

Sept. 13, 1965.

Rehearing Denied Oct. 11, 1965.

Thomas P. Howe, Russell N. MacLeod, Clayton, for respondent.

Parks G. Carpenter, Moser, Marsalek Carpenter, Cleary & Jaeckel, St. Louis, for appellants.

PRITCHARD, Commissioner.

Plaintiff sued defendants for $65,000 damages for personal injuries which resulted from one of defendants falling from the bed of plaintiff's truck on top of plaintiff. The verdict and judgment were for defendants, after which the trial court granted plaintiff a new trial upon the grounds of error in giving two contributory negligence instructions (Nos. 2 and 3). Defendants appeal from the order granting a new trial contending that the two contributory negligence instructions were supported by the evidence, and were correctly given to the jury.

Plaintiff was a self-employed dealer in used machinery and equipment. On January 13, 1960, he had loaded on his truck certain mechanical saws which were placed at the front of the bed thereof and tied with manila rope. He visited defendants' place of business, known as the McDonald Machinery Company, 1535 North Broadway, St. Louis, Missouri, for the purpose of the sale of the saws. Before going to defendants' offices, plaintiff, knowing that Mr. Robert McDonald would want to take a close look at the saws, removed one tail gate from the rear of the truck bed to facilitate inspection. Plaintiff placed the tail gate section, which had a wire or cord on it which he first removed, inside the truck bed against its side. Plaintiff did not secure in any way the tail gate section after placing it inside the truck bed.

Plaintiff then went inside the McDonald place of business and told Robert McDonald that he had two saws for sale and that they were on the truck. Robert preceded plaintiff in going out to the truck, which was parked with its wheels close to the curb in front of defendants' place of business. Plaintiff stood at the rear of the truck and at the curb "close enough to touch the truck." Robert, when he went outside, stepped into the street, and looked into the back of the truck through the opening made by the removal of the tail gate section, which was the only way a person could see

into the bed of the truck. Robert probably saw the tail gate which had been pulled from its sockets and placed inside the truck body when he was standing in the street, but it made no impression upon him—he "unconsciously" recognized it as a tail gate. He did not know whether or not the tail gate was secured in any fashion. Then Robert went to the sidewalk at the side of the truck, pulled himself up thereon, and then attempted to swing around the rear of the side panel of the truck bed in order to get into it and approach the machines. There was a metal ledge or flange around the outside of the truck bed. While Robert was off balance and changing his grip or handholds, he got hold of the tail gate. When he grasped the tail gate he thought it was a stake like the rest of the truck. It did not support him, but tipped and caused him to fall backward upon plaintiff from his position directly above him. Plaintiff testified that his own method of climbing on the truck was to stand on the curb at the right rear wheel, climb up on the wheel to stand on the steel railing on the outside of the bed, then swing his body around the back of the truck without difficulty. There was nothing on the truck designed to be a step or a handhold, and plaintiff would use whatever part of the truck he could grab hold of when he climbed on. Plaintiff did not warn Robert that the tail gate sitting inside the truck had not been secured.

Instruction No. 2 required the jury to find that plaintiff came to defendants' place of business and requested that Robert purchase some equipment; that Robert left his office, followed by plaintiff, for the purpose of mounting the truck to inspect the equipment; that plaintiff had removed a tail gate section from his truck and placed it loose and unsecured against the side of the truck bed; that the loose tail gate section created a hazard of falling for one attempting to inspect the contents of the truck; that plaintiff created such hazard and knew of its existence, and took up a position in which he would likely be injured if someone fell from the truck as a result of such

hazard; that in so doing plaintiff failed to exercise ordinary care for his own safety and was thereby negligent, and that such negligence directly contributed to cause plaintiff's injury, then plaintiff was not entitled to recover, but the verdict must be in favor of defendants, "and this is true even if you should find that the defendant Robert McDonald was also negligent under other instructions of the Court."

In his motion for new trial, paragraphs IV and V, plaintiff first assigned as error for the giving of Instruction No. 2 that there was no evidence, either by plaintiff or defendants, supporting its hypothesized facts. More particularly, plaintiff assigns "that said hypothesization set out that the Defendant fell on Plaintiff while Defendant was mounting the truck, when the evidence of both Plaintiff and Defendants was that the accident occurred after Defendant had boarded the side of the truck, and after he had made his way along the outside of the truck, and was in the process of swinging around the end of the side stakes to step upon the floor of the truck at the rear."

Instruction No. 2 is not erroneous for the first assigned reason. Plaintiff's own testimony establishes that he had removed the tail gate section, set it inside the truck bed, and did not secure it, from which the jury could find, as submitted, that plaintiff created the hazard and knew of its existence. He took up a position on the curb behind Robert, from which the jury could find that plaintiff would be likely to be injured as a result of such hazard (of which he knew). Although the jury could find the necessary negligence of Robert in climbing on the truck, under these facts it could also find that plaintiff was himself negligent in creating the hazard of the loose, unsecured tail gate and knowing of such in placing himself in a position of danger beneath Robert if he should grasp the loose tail gate, thus contributing to plaintiff's injuries.

 Instruction No. 1, submitted and given by plaintiff, required the jury to find that Robert "climbed upon the outside of the right hand side of said truck body, so as to examine said machinery and then attempted to enter in and upon the floor of said truck by moving along the outside edge of the side to the rear end thereof and then swinging around said end onto the platform of said truck" and grasped the rear gate section (by only one hand, as argued) which moved and caused him to fall upon plaintiff. Plaintiff says the submission in Instruction No. 2 (and also in No. 3), given for defendant, that Robert "was mounting the truck to inspect the equipment," eliminated from a consideration by the jury of the theory of Instruction No. 1 that Robert was negligent in swinging out from the outside of the truck to its inside (and grasping the loose tail gate section with one hand). The contention is without merit for the reason that it was not essential either to the plaintiff's case or to the defense of contributory negligence how Robert got into the position in which he was, and had to be, to grasp the loose tail gate. Whether he boarded the side of the truck and moved to its rear along the ledge, or did so in some other manner, he was in the process of mounting the truck to inspect the equipment. Defendants were not required to hypothesize further in this situation of nondivergent essential facts. Hooper v. Conrad, Banc, 364 Mo. 176, 260 S.W.2d 496, 500 [2]. Sutton v. Fox Missouri Theatre Co., Mo., 356 S.W.2d 41, 49, cited by plaintiff, is inapplicable. The jury could not have been misled by the hypothesization of Robert's mounting the truck to inspect the equipment in Instructions Nos. 2 and 3. "We must assume that the jury was made up of persons of ordinary intelligence who had a reasonable knowledge and understanding of the words used. Mueller v. Schien, 352 Mo. 180, 176 S.W.2d 449, 453." Elgin v. Kroger Grocery & Baking Co., 357 Mo. 19, 206 S.W.2d 501, 508. The instruction sufficiently informed the jury of the rule of law applicable, and it was not required that it contain "such technical accuracy as to be free from hypercritical objections." Schmidt v. Windish, Mo., 304 S.W.2d 891, 895.

Paragraph VI of plaintiff's motion for new trial, "The instruction [2] was erroneous because it contained a positive misdirection to the jury although it was a verdict directing instruction," preserves nothing for review because it is too general, and does not point out wherein and in what respects there was a misdirection to the jury, and there was no specific objection to the instruction before the giving thereof during the trial. Civil Rule 79.03, V.A.M.R. Louis Steinbaum Real Estate Co. v. Maltz, Mo., 247 S.W.2d 652, 658 [17], 31 A.L.R.2d 1052; Rutledge v. Weisenborn, Mo.App., 142 S.W.2d 884, 887 [6]. As to this ground, the court could not have ordered a new trial on its own motion because more than 30 days had elapsed from the time of filing of the motion, and the trial court had lost control of the judgment except as to matters properly presented in said motion. Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 539 [3–7]; Moore v. Glasgow, Mo.App., 366 S.W.2d 475, 479; Civil Rule 75.01.

 By assignment No. VII in his motion for new trial (Point VII here) plaintiff claims that Instruction No. 3 is erroneous in that it required him to warn Robert of the position of the tail gate when Robert was already aware of its position. Robert's testimony (to which we must give full credence and view favorably, Highfill v. Brown, Banc, Mo., 340 S.W.2d 656, 661 [6, 7]), was that he was generally aware of the position of the tail gate, but that *he did not know it was loose and unsecured.* Instruction No. 3 merely submitted that plaintiff "would and should have warned Mr. McDonald that the section of tailgate *was loose and unsecured."* The requirement of warning thus did not relate to the position of the tail gate, but to the fact that it was loose and unsecured, so obviously it was not error.

The instructions being proper, the trial court erred in granting plaintiff a new trial. Highfill v. Brown, supra, loc. cit. 664 [11].

The order granting a new trial is reversed, and the case is remanded with directions to reinstate the judgment for defendants.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.