Harry REICHMAN and Oscar Sher, Co-Partners, doing business as Novelty Sportswear Manufacturing Company, Plaintiffs-Appellants,

v.

The CAMDEN FIRE INSURANCE ASSOCIATION, a corporation, Defendant-Respondent.

No. 32762.

St. Louis Court of Appeals.

Missouri.

March 19, 1968.

Motion for Rehearing or for Transfer to Supreme Court Denied April 19, 1968.

Application to Transfer Denied
June 10, 1968.

Max Sigoloff, Karol A. Korngold, St. Louis, for plaintiffs-appellants.

Moser, Marsalek, Carpenter, Cleary & Jaeckel, Joseph H. Mueller, St. Louis, for defendant-respondent.

TOWNSEND, Commissioner.

Plaintiffs, partners carrying on the business of clothing manufacturers, procured from defendant a policy of insurance covering on plaintiffs' merchandise located in a

downtown building in St. Louis. Coverage was for loss or damage caused by fire, windstorm, hail and such other risks as are specified in the extended coverage endorsement. Plaintiffs allege that during the currency of the policy their covered merchandise was damaged as a direct result of windstorm, hail and rain, that appropriate demand for indemnification was made upon defendant and that defendant has refused to pay. Defendant admits the execution of the policy, the making of claim and refusal to pay and denies all other allegations of plaintiffs. Verdict and judgment for defendant; plaintiffs appeal.

The extended coverage endorsement provided: "This Company shall not be liable for loss to * * * the property covered * * * caused, (a) by rain, * * * whether driven by wind or not, unless the building * * * containing the property covered shall first sustain an actual damage to roof or walls by the direct force of wind or hail and then shall be liable for loss to * * * the property covered therein as may be caused by rain * * * entering the building through openings in the roof or walls made by direct action of wind or hail * * *."

Plaintiffs' evidence tended to show the occurrence of a violent wind-and-hailstorm on June 11, 1962, with attendant puncturing by hail of the roof of the building in which the insured personalty was housed, the entry of rain water through such orifices and the resultant leakage of that water through ceilings onto the insured goods. On the other hand defendant's evidence tended to show the absence of hail at the time alleged by plaintiffs, the deteriorated condition of the roof covering, the dilapidated state of fire wall flashings, the absence of roofing on the roof hatch, the gravel congested condition of roof drains and downspouts, old water stains on the ceiling beams ("been there for years").

■ Plaintiffs assign as error the giving of Instruction No. 4 which read:

"Your verdict must be for defendant if you believe that plaintiffs' damage was the direct result of improper maintenance of the roof referred to in evidence."

The substance of plaintiffs' complaint in this regard is that the insurance contract did not impose upon them an obligation to maintain the roof and that the insurance contract did not make proper maintenance of the roof a condition precedent to recovery under the policy. Plaintiffs misconstrue the import of the instruction. What the instruction tells the jury is that if it believes that the damage pleaded and proved by the evidence resulted from a risk not specified by the policy and hence not assumed by the insurer it shall find for the defendant. Central to this matter is the fact that the policy is in general not a rain-damage policy; in fact damage by rain is specifically excluded from the coverage of the policy except in the specialized situation where openings in the roof or walls have been created by wind or hail, rain has entered such openings and loss to the insured personalty has subsequently been sustained therefrom. Obviously, under the general rain-damage exclusion of the policy, rain damage caused by the entry of rain through openings in a roof not maintained in such manner as to prevent the flow-through of rain water is a risk plainly excluded from the coverage of the policy. Such is the position now taken by the defendant and such was its theory of the case.

■ Plaintiffs pleaded that the insured property was damaged on the named date "as a direct result of windstorm, hail and rain". To this defendant entered its general denial, under which defendant was entitled to show that damage, if any, suffered by plaintiffs resulted from some cause other than that asserted by plaintiffs. Defendant introduced competent evidence tending to show such other cause. Under such circumstances, defendant was entitled to an instruction based upon its theory of the case. Robb v. St. Louis Public Service

Co., 352 Mo. 566, 178 S.W.2d 443, 444; Highfill v. Brown, Mo., 340 S.W.2d 656, 661. And see Bollman v. Kark Rendering Plant, Mo., 418 S.W.2d 39, 49.

Plaintiffs' verdict-directing instruction follows:

"Your verdict must be for plaintiffs if you believe: First: That the building containing the property of plaintiffs mentioned in the evidence sustained actual damage to its roof by the direct force of the wind or hail on June 11, 1962, as the time mentioned in the evidence, and Second: That as a direct result thereof the property of plaintiffs in the interior of the building covered by the policy of insurance was damaged, the damage, if any, was directly due to rain entering the building through openings in the roof made by the direct action of the wind or hail on June 11, 1962."

Plaintiffs assert that the trial court erred in giving defendant's Instruction No. 3, as follows:

"Your verdict must be for defendant if you do not believe that plaintiffs' damage was the direct result of hail or windstorm."

Plaintiffs have objected to this defendant's instruction on the ground that it "failed to include a factual situation with reference to the loss and damage sustained by plaintiffs" and that it did not require "a finding of the basic fact that plaintiffs suffered or sustained no damage to their property as a result of the hail and windstorm mentioned in the evidence." Defendant maintains that its Instruction No. 3 was a converse of plaintiff's verdict directing instruction and that as such it needed no evidence to support it.

It should first be repeated that the policy is not in general a rain-damage policy. However in the one carefully and narrowly defined situation previously stated damage caused by rain is made indemnifiable, namely, in that specialized case where openings in the roof or walls have been created by the direct force of wind or hail followed by actual entry therein of rain (water) and transit therethrough to the insured property. Thus, wind- or hail-created openings, the admittance of rain and the passage of rain to the damaged property are all conditions precedent under the terms of the policy to the duty to indemnify. Plaintiffs' verdict directing instruction hypothesizes such conditions precedent.

■ Is defendant's Instruction No. 3 a converse? While there are no applicable MAI instructions, we note the General Comment of the Committee under MAI 29.01 specifying that a converse instruction shall be in substantially the same language as that used in the verdict directing instruction. Here the defendant in its Instruction No. 3 does not converse any one of the three conditions precedent which are set forth in plaintiffs' instruction. Accordingly the Instruction No. 3 does not utilize substantially the same language as that used in the whole of plaintiffs' submission or in "any one of the elements essential to plaintiffs' recovery" * and so cannot be denominated a converse.

Instruction No. 4 hypothesizes damage caused by a risk not covered by the policy while Instruction No. 3 hypothesizes the *absence* of damage caused by some of the risks specified in the policy. If damage to the goods be admitted, No. 4 attributes that damage to a cause not covered; No. 3 denies that it resulted from the stated causes—causes covered by the policy. If No. 3 could be regarded as merely repetitious of No. 4 the giving of it would not necessarily constitute harmful error. Ostmann v. Ostmann, Mo., 183 S.W.2d 133. Cf. Paige v. Missouri Pacific R. Co., Mo., 323 S.W.2d 753. See Raymond, Missouri Instructions to Juries, § 213.

* McCarty v. Milgram Food Stores, Inc., Mo., 252 S.W.2d 343, 344; Dell'Aria v. Bonfa, Mo., 307 S.W.2d 479, 481.

However in the present situation Instruction No. 3 cannot be equated to Instruction No. 4 as being an expression in another form of the same idea as is embodied in the latter instruction,—and that for the reason that if No. 4 were followed the resultant verdict would be that any damage suffered by plaintiffs was caused by a risk not assumed under the policy whereas a verdict following No. 3 might well reflect only a belief that no damage to the goods was caused by wind or hail. In this case the coverage in question is for rain-damage,—damage, it is true, occurring in a peculiar way but nevertheless rain-damage. No matter how tortuously expressed in the policy, it is indemnification for rain-damage which is here in question and not indemnification for hail-damage or wind-damage. No. 3 leaves that matter unclear and in fact confusing. While plaintiffs' Instruction No. 2 is not a model of artistry, it does carry an ascription of the damage to rain. No. 3 does not refer to rain-damage and leaves the jury free to think in terms of hail-damage and wind-damage only. Whatever may be the refined legalistic analysis of "the direct result of hail or windstorm" we do not deem it proper to leave the interpretation of that phrase to a lay jury in a situation where there has been no direct impingement of hail or wind upon the insured goods. The instruction is confusing and permits a verdict based upon the *absence* of a part only of the damage causes stated in the policy.

The judgment is reversed and the cause remanded for further proceedings in accordance with plaintiffs' motion for new trial.

PER CURIAM:

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the cause remanded for further proceedings in accordance with plaintiffs' motion for new trial.

ANDERSON, P. J., WOLFE and RUDDY, JJ., concur.