Pleas CHANDLER, Plaintiff (Respondent),

v.

Elmer MUELLER, Defendant (Appellant).

No. 49940.

Supreme Court of Missouri,

Division No. 2.

March 9, 1964.

Motion for Rehearing or to Transfer
to Court En Banc Denied
April 13, 1964.

George E. Lee, St. Louis, for appellant, Carter, Bull, Baer, Presberg, Lee & Stanard, St. Louis, of counsel.

Joseph J. Hanses, Bransford & Floyd, Clayton, for respondent.

BARRETT, Commissioner.

In this action for $50,000 damages for personal injuries a jury returned a verdict in favor of the defendant. The plaintiff was granted a new trial on the ground that the court had erred in giving the jury instruction 11 and the defendant has appealed. The sole question upon the appeal is whether for any one of several reasons instruction 11 on the plaintiff's contributory negligence was prejudicially erroneous.

The background of the defendant's claim and submission of the plaintiff's contributory negligence was this: On March 17, 1960, about 4 o'clock in the afternoon, the plaintiff, Pleas Chandler, was driving a 1959 Plymouth automobile in a southerly direction on Etzel Avenue, in University City, when it was involved in a collision with the defendant Elmer Mueller's 1959 Oldsmobile as it traveled in a northerly direction. Etzel Avenue is a four-lane street through a residential section and in the area where the parties were traveling the roadway may be described as an elongated S. There was no marked center line but the essentially meritorious and sharply controverted issue upon the trial of the cause was which of the parties, in the language of the plaintiff's principal instruction, had failed "to operate his said automobile to the right of the center" of the street. The only immediate eyewitnesses were the parties and upon the essential issue there was a direct conflict in their testimony. The defendant Mueller claimed that as he traveled north an automobile parked at the east curb pulled out ahead of him, met and passed Chandler's Plymouth. There was also an automobile parked on the west side of the street and, according to Mueller, as the vehicle ahead of him proceeded up the street the plaintiff Chandler in turning out to go around the automobile parked at the west curb traveled across the center line into his Oldsmobile. On the other hand, Chandler said that as he traveled south at a speed of 15 miles an hour he saw Mueller approaching from the opposite direction,

swerving back and forth across the street at a speed of 45 miles an hour, and stopped his Plymouth alongside the vehicle parked at the west curb. And, at that moment, he said Mueller drove "clear over on my side of the road."

Mueller's hypothesis and submission of Chandler's contributory negligence was that he had failed to keep a proper lookout; specifically, in the language of instruction 11, that he knew or should have known that there was danger of a collision "and if you further find that plaintiff did fail to exercise the highest degree of care to keep a careful and vigilant watch and lookout ahead, and if you further find that if plaintiff had kept such watch and lookout he could have avoided the collision and that his failure to do so was negligent." It must be carefully noted that Mueller does not claim that during the entire time the vehicles were meeting and approaching the parked automobile and the point of collision Chandler failed to maintain a lookout. To specifically illustrate, the appellant Mueller says "(i)nstruction 11 is not erroneous in permitting the jury to find that as plaintiff approached the rear of the parked automobile he saw or could have seen defendant's car approaching and also in authorizing the jury to find that plaintiff failed to keep a proper lookout." The circumstances in general are set forth by the appellant and it is said, and this is the crux of the case, that "The jury may well have determined that the plaintiff did see the defendant's automobile as he approached the parked car (as he said he did) *but that he thereafter failed to maintain that constant lookout ahead* as to all conditions existing on the street at that time and failed to take note of the evident danger which vigilant watch would have revealed." (Emphasis supplied). In short, it is admitted that as Chandler approached the automobile parked at the west curb he was maintaining a lookout and saw the defendant Mueller approaching but "thereafter" (meaning, presumably, after he was alongside the parked automobile) failed to maintain a lookout and therefore could reasonably be found guilty of contributory negligence.

The defendant had no direct proof of Chandler's failure to maintain a lookout but he urges that the fact is a fair and permissible inference "from the attending surroundings and circumstances." See v. Kelly, (Mo.App.) 363 S.W.2d 213, 216. The difficulty with the appellant's position is that of necessity he must rely on Chandler's testimony and in so far as it bears on this important issue these are the relevant questions and answers on both direct and cross-examination:

"Q. Now when you first saw Mr. Mueller's car, approximately where was it in relation to Etzel Avenue?

"A. When he come off of Olive Street Road, he whirled around that street. * * *

"Q. Now you saw him just as he turned onto Etzel from Olive Street Road?

"A. That's right.

* * * * * *

"Q. Before you stopped (alongside the parked automobile), when you first saw Mr. Mueller's car, were you still in that same position or back a little distance from the parked car?

"A. I was a little bit back. * * *

* * * * * *

"Q. How fast would you estimate Mr. Mueller's car was going when he hit you?

"A. Oh, he was going about 45 miles an hour, because he knocked me back.

"Q. In other words, he hadn't slowed down any?

"A. It looked like he got faster, the closer he got to me.

\* \* \* \* \* \*

"Q. \* \* \* Show the jury approximately where your car was when you were struck.

"A. Mr. Mueller came off of Olive Street Road. He come right on down, kept whirling and turning, so this car right here was parked right here against this curb. \* \* \* I didn't have to pull out, because there's plenty of room, and he had plenty of room, so when I got along here (indicating), he was coming so fast until I blowed my horn. I was blowing my horn when he hit me.

\* \* \* \* \* \*

"A. When he come off Olive Street Road, he was swerving, going this way and that way. When I seen he was getting close to me, I went to blowing for him to see, to make him open up. He wouldn't, though. He was drinking. He just kept straight at me.

\* \* \* \* \* \*

"Q. When you were going toward this parked car, did you say you saw Mr. Mueller's car swerving back and forth across that street ahead of you?

"A. When I got even with that parked car, Mr. Mueller come straight at me.

\* \* \* \* \* \*

"Q. In other words, you passed this parked car, you stopped and you were hit, is that it?

"A. When I was down to the parked car, I slowed down and when I got to the parked car I stopped still and Mr. Mueller came around; he came just straight after me, and I just stayed there and he just hit me.

"Q. What I'm trying to get clear in my mind, why did you stop alongside the parked car? Why didn't you continue and pull out of the way over to the right curb?

"A. I thought he would pull over. I didn't think he would run into me. I didn't think he would run into that car.

"Q. You stopped because you thought there was a danger he was going to hit you, did you not?

"A. I stopped because he didn't get over."

It is not a fair, reasonable or permissible inference from this testimony that plaintiff Chandler at any time, certainly not after approaching the parked automobile and the point of collision, failed to keep or maintain a proper lookout and as of course it was prejudicial error to give an instruction submitting that hypothesis as a ground of contributory negligence thus defeating the plaintiff's right of recovery. Dawley v. Hoy, (Mo.) 341 S.W.2d 111, 116. Since the unsupported instruction was prejudicially erroneous the court properly granted plaintiff a new trial and the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.