Doris Sylvia GOLDMAN, Appellant,

v.

Rona Mable RIDENOUR, Respondent.

No. 50279.

Supreme Court of Missouri,

Division No. 2.

Nov. 9, 1964.

Goldenhersh, Goldenhersh, Fredericks, Newman & Lane and Samuel J. Goldenhersh, St. Louis, for appellant.

William L. Mason, Jr., St. Louis, for respondent.

PRITCHARD, Commissioner.

Plaintiff's vehicle being operated by her was struck from behind by defendant's vehicle on July 21, 1960, on Missouri Highway No. 141 about .8 of a mile south of Clayton Road in St. Louis County. The case was submitted to the jury upon the plaintiff's theory of defendant's primary negligence in failing to keep a lookout and upon the rear end doctrine of this state. Defendant submitted her defense (in Instruction No. 3)

to the jury upon the theory that plaintiff suddenly and rapidly decelerated her automobile from 40 to 5 miles per hour, without an adequate warning of her intention to do so, and was thereby contributorily negligent. Plaintiff's submission that she slowed gradually was conversed in defendant's Instruction No. 4.

The jury returned a verdict for the defendant upon plaintiff's $50,000 claim for personal injuries, and judgment was entered accordingly. Plaintiff appeals and alleges four grounds of error for which she seeks a new trial.

The first of these is that the verdict of the jury and the judgment of the trial court were against the weight of the evidence and against the weight of the credible evidence. Plaintiff says the trial court abused its judicial discretion in not granting her a new trial as there was sufficient substantial evidence to sustain a verdict for the plaintiff. The latter statement may be true, but the law is that even though plaintiff's version of the occurrence is uncontroverted, or defendant introduces no evidence, the matter of the truth of plaintiff's evidence is in the first instance for the jury to determine, without interference by the court. Cluck v. Abe, 328 Mo. 81, 40 S.W.2d 558, 559 [1]. The trial court here ruled adversely to plaintiff on this portion of her motion for new trial. See Cluck v. Abe, supra, loc. cit. 40 S.W.2d 560 [5], where the court said, "The law is too well settled to need citation of authority that it was within the exclusive province of the trial court to determine whether or not this verdict was against the weight of the evidence. One of the grounds set up in plaintiff's motion for new trial was that the verdict was against the weight of the evidence. The trial court determined that question when it overruled the motion and refused to grant plaintiff a new trial. We are powerless to interfere with that ruling because we have no authority to pass upon the weight of the evidence." Consult also White v. Rohrer, Mo., 267 S.W.2d 31, 34

[1, 2]; Scott v. Gray, Mo., 337 S.W.2d 38, 41 [2, 3]; and Bowe v. Kehr, Mo., 345 S.W. 2d 224, 225 [1]. In plaintiff's cited case of Graves v. Atchison, T. & S. F. Ry. Co., 360 Mo. 167, 227 S.W.2d 660, the trial court *granted* the motion for new trial on the ground that the verdict was against the weight of the evidence, and the question of whether there was sufficient evidence to make a submissible case was therefore open to inquiry upon appeal as bearing upon the reasonable exercise of discretion by the trial court in the matter. Plaintiff's first point is overruled.

By Point II, plaintiff urges that the trial court erred during the voir dire examination by permitting defendant's counsel, over objection, to instruct on the law, and that he misstated the law. By Point III, plaintiff says that counsel for defendant was permitted, over objection, to propound statements and incomplete statements, by asking the prospective jurors if they would follow the law that if plaintiff was at fault in part or partially at fault, she was not entitled to recover, and thereby called for a prejudgment of issues and thereby prejudiced plaintiff's right to proceed under the humanitarian doctrine of Missouri.

The voir dire examination of which plaintiff complains was as follows:

"MR. SMITH: Now if the court should instruct you that if the plaintiff herself was at fault in part she would not therefore be entitled to recover, would you follow that instruction of the Court? If the plaintiff herself was partially at fault, she is not entitled to recover.

"MR. FREDERICKS: Let me object. That is not a complete statement of the law and it is improper on this voir dire.

"THE COURT: Objection is overruled.

"MR. SMITH: I take it none of you have any quarrel with the law of this state, if a person is at fault in the

slightest degree, they are not entitled to recover?

"MR. FREDERICKS: I will object. That is a misstatement of the law.

"THE COURT: Sustained. Proceed."

Plaintiff's argument in development of her Points II and III is not that the question of and statement to the jury panel that "if the plaintiff herself was at fault in part she would not be entitled to recover" is in itself a misstatement of the law. She says, in argument, that question ignored the fact that she pleaded negligence of the defendant under Missouri's Humanitarian Doctrine, *thereby* making the statement incomplete and out of context and thereby a misstatement of the law. Although it is doubtful that plaintiff made a sufficient objection to the question and statement in that she failed to point out to the trial court *wherein* there was a misstatement of the law (see Supreme Court Rule 79.01, V.A.M.R.; and § 510.210, RSMo 1959, V.A.M.S.), we shall discuss the matter upon plaintiff's argument in her brief.

█ The proper procedure was not here used by the defendant to inquire of the jury panel whether they had opinions upon the law of contributory negligence which were so "unyielding as to preclude them from following the law under the court's instructions." See State v. Mosier, Mo., 102 S.W. 2d 620, 624 [7–9], where the court said also, "The correct procedure is for counsel to ask the members of the panel whether, if the court later instructs them in a specified manner, they have any opinion or conscientious scruples such as would prevent them from returning a verdict accordingly— * * *." Here, at the outset, the inquiry should have included a proper statement of the law of contributory negligence (i. e., but unsuggested by plaintiff, that plaintiff's negligence directly contributed to cause the collision, see Myers v. Searcy, Mo., 356 S.W.2d 59, 62 [2, 3]), to which defendant would have been entitled, if the evidence showed such negligence, to meet plaintiff's

alternative charges of primary negligence. Such an inquiry would not be an instruction to the jury which would cause a prejudging of the issues, as plaintiff claims. Counsel should not have, however, in the voir dire examination of the jury panel, ignored plaintiff's pleaded assignments of humanitarian negligence. Following the procedure of State v. Mosier, supra, he should have included a statement to the effect that: would the jury follow a contributory negligence instruction *unless* they found that defendant was guilty of humanitarian negligence. Spindler v. Wells, Mo., 276 S.W. 387, 388 [1]; Collins v. Beckmann, Mo., 79 S.W.2d 1052, 1055 [3].

The error of omission of a reference to defendant's humanitarian negligence in the voir dire examination was rendered nonprejudicial by plaintiff's failure to produce evidence that defendant could have, in the time and distance and with the means available to her, with safety to herself, slowed, stopped or swerved her vehicle, or sounded a warning, and thus have avoided the collision. Defendant's humanitarian negligence was not in this case, and plaintiff would not have been entitled to an instruction upon that doctrine. See Shaw v. Griffith, Mo.App., 291 S.W.2d 230, 235 [5], and cases there cited. In that case it was also said, at page 235 [6], that judicial notice of ability to swerve and avoid a collision with safety to one's self may not be taken. Plaintiff's contention that her right to proceed under the humanitarian doctrine was poisoned and prejudiced by defendant's voir dire examination is without merit. Points II and III are overruled.

█ Under Points IV and V plaintiff attacks Instructions Nos. 3 and 4 upon the ground that there was a failure to hypothesize relevant facts as to the distance plaintiff traveled in reducing her speed from 40 to 5 miles per hour, which would justify a finding of her negligent conduct, instead of submitting, as was done, the phrase "that the plaintiff then and there caused her automobile to suddenly, if so, and rapidly, if so,

decelerate · *, * *." Defendant's version of the facts which bear upon the propriety of the giving of these instructions is as follows: Defendant testified that plaintiff and defendant were both traveling south on Highway No. 141, a two-lane highway 20 feet wide. As defendant came over a hill located south of Clayton Road she first saw plaintiff's vehicle on the portion of an "S" curve where the curve went to the right. Defendant's speed was then 45 to 50 miles per hour, and plaintiff's speed was increasing in her downhill travel. The distance between the vehicles decreased as defendant approached the scene of collision. Plaintiff suddenly "hit her stop lights," which defendant saw when she was traveling about 40 miles per hour and was about 3 to 3½ car lengths behind plaintiff. Defendant's vehicle was 16 to 17 feet long. Defendant saw no directional turn signal. Plaintiff's car was moving at the time of impact, which occurred when defendant hit her brakes and slid under plaintiff's car, the rear end of which went up when plaintiff suddenly put on her brakes.

William Tucker testified he saw the collision from the front window of his home on Highway No. 141. Plaintiff's vehicle was traveling at a speed of 50 to 60 miles per hour and defendant's vehicle was going 40 to 50 miles per hour and was 2 to 2½ car lengths behind plaintiff. Plaintiff's vehicle was about 50 feet north of Mr. Tucker's driveway, when he first saw it, and the front of plaintiff's vehicle was about 10 feet north of the driveway at the time of the collision. At the time of impact both vehicles were going between 40 and 50 miles per hour. Mr. Tucker heard plaintiff tell the State Trooper that she was intending to make a left turn. Plaintiff testified that she was traveling at a speed of 35 miles per hour approximately 500 to 1000 yards from the point of impact; that her speed was reduced to 15 miles per hour, then to 5 miles per hour, at which time she was struck from the rear by defendant's automobile.

The above testimony is supportive of the hypothesis in Instruction No. 3, that "the plaintiff's automobile was being operated at a speed of approximately 40 miles an hour, and that the defendant's automobile was being operated at a speed of approximately 40 miles an hour, and that approximately 50 to 55 feet then and there separated these two cars, and that the plaintiff then and there caused her automobile to suddenly, if so, and rapidly, if so, decelerate from such speed of approximately 40 miles an hour to a speed of approximately 5 miles an hour * * * and there failed to exercise the highest degree of care to give a reasonably adequate and timely warning to defendant of plaintiff's intention to so decelerate her said automobile * * *," as constituting contributory negligence. Under these circumstances, the jury could find that when the vehicles were 50 to 55 feet apart, plaintiff suddenly and rapidly decelerated her vehicle from 40 to 5 miles per hour without a reasonable, adequate and timely warning, which at least contributed to cause plaintiff's injury. See Tucker v. Blankenmeier, Mo., 315 S.W.2d 724, 726 [4]. The jury could not have been misled by the use of the words "suddenly" and "rapidly" in this situation. It was not necessary to include in the instruction any hypothesis as to how far plaintiff traveled in decelerating her vehicle.

Instruction No. 4 was a converse of plaintiff's Instruction No. 2 in which she submitted that she gradually slowed her vehicle from 35 to 15 to 5 miles per hour over a distance of approximately 1100 feet when defendant's automobile overtook her. Instruction No. 4 submitted that if the jury found that plaintiff did not slow gradually as submitted in Instruction No. 2, but that she slowed rapidly and suddenly from 40 to 5 miles per hour, she was not entitled to recover under Instruction No. 2. We have discussed above the necessity of including a hypothesis of the distance plaintiff traveled when slowing. Plaintiff points to no other claimed vice in the instruction. Points III and IV are overruled.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.