**Edith BAUSER, Plaintiff-Appellant,**

**v.**

**Helen DeNOBLE, Defendant-Respondent.**

**No. 51897.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1967.

Thaine Q. Blumer, Blumer & Wright, Kansas City, for appellant.

E. E. Thompson, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

HENRY J. WESTHUES, Special Commissioner.

This is an action for damages wherein plaintiff asked for $50,000 to compensate her for injuries sustained in a collision of two cars. Plaintiff Edith Bauser alleged that defendant Helen DeNoble while driving her car north on U. S. Highway 69 collided with a car in which plaintiff was riding at the intersection of U. S. Highway 69 and Highway 152 near Liberty, Missouri. Defendant filed an answer consisting of a general denial and alleging contributory negligence. A trial resulted in a jury verdict for the defendant. Plaintiff's motion for a new trial was overruled and an appeal was taken from a judgment for the defendant.

We shall hereinafter refer to the parties as they appeared in the court below.

Plaintiff briefed three points. They are: (a) that the trial court erred in giving instruction No. 6, requested by the defendant, submitting the issue of the negligence of plaintiff's husband, the driver of the car in which she was riding; (b) that the trial court erred in giving instruction No. 7, at defendant's request, on the subject of contributory negligence; and (c) that the trial court erred in refusing to admit evidence of the records of plaintiff's physician offered through his secretary.

The evidence disclosed that the collision in question occurred on the afternoon of September 25, 1959. Plaintiff and her husband were driving west in a Buick car on Highway 152, a two-lane roadway. Plaintiff's husband was the driver of the car. Defendant was driving her car, a Pontiac, north on U. S. Highway 69, a four-lane roadway with a median strip dividing the dual north and south lanes.

Lawrence C. Bauser, plaintiff's husband, testified by deposition that as he approached Highway 69, a car in front of him stopped at a stop sign about 15 feet east of Highway 69; that he, Lawrence C. Bauser, stopped and after the car in front moved forward, he then stopped at the stop sign; that he proceeded to the edge of Highway 69 and stopped a third time; that blinker lights hanging over the center of the intersection required traffic on Highway 152 to stop. Mr. Bauser stated that when he stopped at the stop sign, he saw defendant's car coming north on Highway 69 then at a distance of two to three hundred yards away; that when he stopped at the edge of Highway 69, he noticed defendant's car about 200 feet to the south traveling at a speed of 100 miles per hour; that defendant's car swerved to the east onto Highway 152, striking his car at the left front; that his car, the Buick, came to rest on the east shoulder of Highway 69, entirely off the pavement.

Defendant testified that as she approached the intersection she saw two cars on Highway 152; that one crossed the intersection ahead of her; that the second car, which was the Bauser car, came on right in front of her car and all she could do was hit the horn and apply the brakes; that she turned left, to the west, to avoid striking the Bauser car at the front seat, where the driver and plaintiff were riding. She testified that the speed of her car was about 50 miles per hour. Defendant's car came to rest in the median strip west of the northbound lanes of Highway 69.

Police officers testified that when they arrived at the intersection, within a few minutes after the collision, the Bauser car was in the east lane of the northbound lanes of Highway 69; that defendant's car was in the median strip; that they found debris

at about the center of the two northbound lanes of Highway 69. They further testified that skid marks could be seen on Highway 69 extending from the debris southward on Highway 69 and skid marks were on Highway 152 extending a few feet onto Highway 69.

It is obvious that the evidence presented a question of fact for a jury to determine.

Plaintiff's case was submitted to the jury by the following instruction (No. 2):

"Your verdict must be for plaintiff if you believe:

First, defendant

drove off of 69 highway onto 152 into the plaintiff, and

Second, defendant was thereby negligent, and

Third, as a direct result of such negligence,

plaintiff sustained damage.

unless you believe plaintiff is not entitled to recover by reason of instruction Number ___6___."

Instruction No. 6, of which plaintiff complains, is as follows:

"Your verdict must be for the defendant whether or not defendant was negligent if you believe:

First, Lawrence Bauser either:

failed to keep a careful lookout, or

failed to yield the right of way; and

Second, Lawrence Bauser's conduct, in any one or more of the respects submitted in Paragraph First was negligent; and

Third, such negligence of Lawrence Bauser directly caused or directly contributed to cause any damage plaintiff may have sustained."

Plaintiff says that instruction No. 6 should not have been given because there was no evidence of a failure to keep a careful lookout. It is contended that plaintiff and her husband each testified they saw defendant's car when it was 800 to 1000 feet to the south of the intersection and that no witness testified to the contrary.

To determine the questions presented, we must consider the evidence favorable to the defendant. This evidence tended to prove that Bauser drove his car into the intersection and into the path of defendant's car at a time when defendant could not have stopped her car or reduced the speed thereof in time to have avoided a collision. This evidence justified a finding that Mr. Bauser did not look or he would not have driven into the path of an oncoming car traveling, as Mr. Bauser stated, at 100 miles per hour. Branscum v. Glaser, Mo., 234 S.W.2d 626, l. c. 627 (1–3), and cases there cited.

Plaintiff cited the case of Baker v. Kirby, Mo., 396 S.W.2d 605. In that case, two cars met on a gravel road. The drivers could not see each other because of a curve in the road and brush. When the cars were only a short distance apart and came within view, one of the cars slid in the gravel over the center of the roadway and collided with the other car. The opinion distinguished that case from cases similar to the one now before us. Note what the court said, 396 S.W.2d l. c. 608: "Thus again the case and circumstances are unlike those relied on by the appellant, rear-end collisions, attempting to pass left turning vehicles and *intersectional collisions* * * *", citing cases. (Our emphasis.)

Plaintiff says that a failure to keep a lookout, even if proven, was not the cause of the collision. We are of the opinion that a jury could infer from the evidence that if Mr. Bauser had kept a lookout for cars on Highway 69, he would not have driven into the intersection and that the failure to keep a lookout was a contributing cause of the collision. We rule that the trial court did not err in giving instruction No. 6.

 Plaintiff contends that instruction No. 7 should not have been given. The particular objection made is with reference to a sentence reading "The burden is upon the defendant to cause you to believe the propositions necessary to support her defense that *plaintiff* was contributorily negligent as submitted in Instruction ___6___ ." (*Emphasis supplied.*) It is contended that the word "plaintiff" referred to Mrs. Bauser; that in place of *plaintiff* the instruction should have read in substance that plaintiff's *husband Lawrence Bauser* was contributorily negligent. It is claimed that the instruction was misleading and confusing to the jury. It may be noted that instruction No. 7 referred the jury to instruction No. 6 which specifically directed the jury to the question of whether Lawrence Bauser failed to keep a careful lookout. When read together, the two instructions left no room for confusion or misunderstanding. Layton v. Palmer, Mo., 309 S.W.2d 561, 1. c. 570 (20), 66 A.L.R.2d 1242. It is conceded, and rightly so, that in the circumstances the negligence of Lawrence Bauser, plaintiff's husband, may be imputed to plaintiff. 65A C.J.S. Negligence §§ 158 and 159, pp. 196–201, and 65A C.J.S. § 168(12), p. 246.

 Plaintiff introduced substantial evidence that she was injured seriously as a result of the collision. Defendant's evidence did not show otherwise. Plaintiff offered to introduce evidence of certain medical records of the treatment of plaintiff by Dr. Pipkin. The secretary of the doctor was called as a witness to identify the records. Plaintiff contends the records should have been admitted under the Uniform Business Records as Evidence Law. If rejecting this evidence was error, it could not have affected the verdict which was for the defendant. Russell v. Kotsch, Mo., 336 S.W.2d 405; Nash v. Plaza Electric, Inc., Mo., 363 S.W.2d 637, 1. c. 642(7).

We have not found any prejudicial error in the record, hence the judgment of the trial court should be and it is hereby affirmed.

PER CURIAM:

The foregoing opinion by WESTHUES, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.