**Harold Lee COUNSELL, Appellant,**

**v.**

**Olma Walter RICKENBAUGH, Respondent.**

No. 52982.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1968.

J. Richard Roberts, Dearing, Richeson, Weier, Roberts & Wegmann, Hillsboro, for appellant.

Bernard C. Brinker, Carter, Fitzsimmons & Brinker, Clayton, for respondent.

KEITH P. BONDURANT, Special Judge.

This litigation arose out of a collision between two automobiles on Highway 30 in Jefferson County. Plaintiff-appellant, Harold Lee Counsell, brought an action for personal injuries and property damage against defendant-respondent, Olma Walter Rickenbaugh. A trial jury returned a verdict for defendant and plaintiff appealed. Since the prayer in plaintiff's petition was for damages of $18,500, we have jurisdiction.

Defendant's and plaintiff's automobiles were traveling in an easterly direction on the night of the accident. The leading automobile, defendant's, attempted to turn left from Highway 30 into the driveway of a beauty shop. As defendant was proceeding to turn left into the driveway, his automobile collided with a passing automobile being driven by plaintiff in an easterly direction in the westbound lane. As a result of the collision, plaintiff's automobile was knocked into the beauty shop and a nearby parked car causing injuries to the plaintiff.

Plaintiff contends that the trial court erred in giving an instruction containing a "lookout submission" on the ground it was not supported by the evi-

dence in the case. The instruction complained of is as follows:

### INSTRUCTION NO. 8
#### (MAI 28.01, 17.07)

"Your verdict must be for the defendant whether or not defendant was negligent if you believe:

First, plaintiff either:

failed to keep a careful lookout, or failed to sound his horn before starting to pass the defendant's car; and

Second, plaintiff, Harold Lee Counsell's conduct in any one or more of the respects submitted in paragraph First, was negligent; and

Third, such negligence of plaintiff, Harold Lee Counsell, directly caused or directly contributed to cause any damage plaintiff may have sustained."

The Court, in determining whether defendant's contributory negligence instruction was supported by the evidence, must consider the evidence in the light most favorable to defendant. Bauser v. De-Noble, Mo., 412 S.W.2d 409, 1. c. 411; Jackson v. Skelly Oil Company, Mo., 413 S.W.2d 239, 1. c. 242.

The evidence most favorable to the defendant was that defendant was traveling at a speed of from twenty to twenty-five miles per hour in an easterly direction on Highway 30. Plaintiff, to the rear of defendant, was also traveling in an easterly direction at a speed of from thirty to thirty-five miles per hour. When defendant reached a point approximately 250 feet west of the driveway into which he intended to turn left, he looked to the rear for other traffic. At that time he saw plaintiff's automobile some 1,200 feet behind him. Defendant proceeded for another 150 feet before he put on his left turn signal to turn into the driveway to the beauty shop. It can be computed that at twenty miles per hour defendant was driving at a speed of thirty feet per second. He, therefore, could have covered the 150

feet between the place where he checked traffic to his rear to the place where he turned on his left turn signal in a period of five seconds. In the same five seconds plaintiff, traveling thirty-five miles per hour or fifty-two feet per second, would have traveled about 260 feet. This would leave a distance of some 1,090 feet between defendant's and plaintiff's automobiles when defendant first turned on his left turn signal. From the point 100 feet west of the driveway to the point where defendant turned to enter the driveway, defendant gradually slackened speed to between ten and fifteen miles per hour. While defendant was turning he was hit on the left rear door and left rear fender. Defendant's car was halfway into the westbound lane when the impact occurred. Plaintiff and his son, who was a passenger in plaintiff's car, both testified that at no time before, during or after the accident, did they see a left turn signal on defendant's car. Plaintiff testified that he could stop his automobile under existing conditions in 150 to 175 feet. From the evidence taken in a light most favorable to the defendant, and considering logical inferences derived therefrom, plaintiff had 1,090 feet in which he could have seen defendant's blinker signal. This does not include the distance of 100 feet from the place where defendant first turned his signal on to the place where the accident occurred. This would constitute 1,190 feet in which plaintiff could have noticed defendant's left turn signal and subsequently stopped, slackened speed or refrained from passing defendant.

Plaintiff has cited cases in which he purports to show that, even though defendant had his left turn signal on, there arose no duty upon the part of plaintiff to refrain from passing. He cites George v. Wheeler, Mo.App., 404 S.W.2d 426, in support of his contention that he was under no duty to refrain from passing defendant under the circumstances. Not only does George v. Wheeler not substantiate plaintiff's contention, but the Court affirmatively states, 1. c. 431: "The law, of course,

requires every operator of a motor vehicle to keep a careful lookout *at all times and under all circumstances. Failure to do so amounts to negligence."* (Emphasis on last sentence ours.)

Plaintiff also cites Stegall v. Wilson, Mo.App., 416 S.W.2d 658, in support of his contention that a lookout instruction is not proper where the accident could not have been avoided notwithstanding a proper lookout. The facts in the Stegall case are not applicable to the case here on appeal. In this instant case, it was clearly possible, from the evidence produced in the trial court, to substantiate a conclusion on the part of the jury that a proper lookout could have prevented an accident.

Not only is there a duty to keep a proper lookout on the highway in the direction one is traveling, but a failure to see what a person in the exercise of the highest degree of care for himself and others would have seen, is as much negligence as is failure to look at all. See v. Kelly, Mo.App., 363 S.W.2d 213; Jackson v. Skelly Oil Company, Mo., 413 S.W. 2d 239.

The duty imposed by law on a person operating a motor vehicle, to keep a proper lookout for dangerous situations and conditions, is also coupled with a duty to take proper precautionary actions to prevent injury to himself and others when these situations and conditions become manifest. Miller v. St. Louis Public Service Company, Mo., 389 S.W.2d 769; Jackson v. Skelly Oil Company, supra.

In light of the above evidence we think that the jury properly could find that if the plaintiff had kept a careful lookout the collision in question could have been avoided. We conclude that the trial court was correct in giving Instruction No. 8 because the submission that plaintiff was contributorily negligent in failing to keep a careful lookout was supported by competent evidence.

The judgment is affirmed.

FINCH, P. J., DONNELLY and EAGER, JJ., concur.