Carl Leon **RICKMAN**, by Leonard H. Rickman, Next Friend, Appellant,

v.

Ernest Conrad **SAUERWEIN**, Respondent.

No. 55542.

Supreme Court of Missouri,
Division No. 1.

Sept. 13, 1971.

Wangelin and Friedewald, Poplar Bluff, for appellant.

Clinton D. Summers, Poplar Bluff, for respondent.

HIGGINS, Commissioner.

Action for $50,000 damages for personal injuries, in which defendant had verdict and judgment.

On December 25, 1968, at about 6:00 p. m., Carl Rickman, age 19, accompanied by Billy Libla, age 18, was operating a 1955 Chevrolet automobile westerly on Highway 34, en route to Piedmont. The Chevrolet "started acting up a little bit * * *. And we pulled off of the road and Billy had been wanting to drive and it was cutting out and I looked at it * * * water was blowing on it and I thought it would clear up. And he got under the wheel and pulled out on the highway * * * and it died and so we pushed it off of the road and had it sitting cater-corner and the left rear wheel on the car and the back end was sticking out barely on the road." Plaintiff got out of the car, returned to the driver's position, and attempted to start the car, but failed. He and Billy attempted to push the car to the shoulder but left some three feet of the left rear of the car on the highway. Plaintiff got out of the car and went to its rear to the trunk to get a "breather" with which to repair the car. At this time, Ernest Sauerwein was operating his 1967 Ford Station Wagon also westerly on Highway 34. At a point approximately three quarters of a mile east

of plaintiff's Chevrolet, defendant noticed an automobile approaching him from the west. As the vehicles came closer together, defendant noticed plaintiff's Chevrolet and applied his brakes, but was unable to stop prior to reaching plaintiff's stopped automobile and struck plaintiff, breaking his leg.

Plaintiff submitted his case on defendant's alleged failure to keep a careful lookout, and defendant submitted a defense of contributory negligence on plaintiff's alleged failure to keep a careful lookout.

■ Appellant contends first that the court erred in submitting the defense of contributory negligence, asserting "there was no evidence from which it could be inferred that plaintiff failed to keep a careful lookout." It is axiomatic that giving such an instruction is error if it is unsupported by evidence, Chandler v. Mueller, Mo., 377 S.W.2d 288, 290; Baker v. Kirby, Mo., 396 S.W.2d 605. In determining whether such instruction was supported, the evidence is considered favorably to defendant with a disregard for plaintiff's evidence unless it tends to support the submission. Jackson v. Skelly Oil Co., Mo., 413 S.W.2d 239, 242. Negligence is ordinarily a question for the jury and always is when the evidence on the issue is conflicting or where, the facts being undisputed, different minds might reasonably draw different conclusions from them. Thompson v. St. Joseph Ry. Light, Heat, & Power Co., 345 Mo. 31, 131 S.W.2d 574, 581; Newsom v. Crockett, Mo.App., 453 S.W.2d 674, 678.

■ Within the purview of these authorities, the record, including the evidence previously stated, warranted the submission of plaintiff's failure to keep a careful lookout. The casualty occurred at a point approximately one-fourth to one-half mile west of a curve. Defendant was seen as he rounded the curve by Billy Libla, and by David Rickman who had arrived on the scene and parked his vehicle just ahead and to the west of plaintiff's Chevrolet. Plaintiff was at this time walking toward the rear of his Chevrolet to get the breather from his trunk and did not see defendant until the eastbound vehicle appeared. From the time Billy and David saw defendant until plaintiff saw defendant, plaintiff had time to walk to the rear of his car, obtain the breather, close the trunk, and start toward the front of his car. Plaintiff's estimate of defendant's speed was 55 to 60 miles per hour and, at 60 miles per hour, it would have taken defendant 15 seconds to travel one-fourth mile, 30 seconds to travel one-half mile. In such time, plaintiff, if he had seen defendant, would have had ample time to react and reach a place of safety. Instead, when plaintiff did see defendant's lights, "it happened so fast I was just getting out of there." Plaintiff had testimony that he did see defendant and waved a flashlight as a warning to defendant, but he did not see defendant until both defendant and the eastbound car were visible. It was for the jury to resolve whether he did look out for defendant or whether he failed to note defendant during the period between which defendant became evident to plaintiff's friend and his brother and the appearance of the third vehicle approaching from the west, and during which he walked to the trunk of his car, opened it, obtained the breather, closed the trunk, and started toward the front of his car.

Appellant contends also that the contributory negligence submission, Instruction No. 5, was a fatal deviation from an applicable mandatory MAI under Brown v. St. Louis Public Service Co., Mo., 421 S.W.2d 255. See also Gousetis v. Bange, Mo., 425 S.W.2d 91.

Instruction No. 5 reads:

"Your verdict must be for the defendant whether or not Defendant was negligent if you believe:

"First, Plaintiff failed to keep a careful lookout; and

"Second, *Plaintiff was thereby negligent*; and

"Third, such negligence of Plaintiff directly caused or directly contributed to cause any damage plaintiff may have sustained. M.A.I. 32.01."

Appellant's contention is that MAI 32.01 requires the use of "plaintiff's conduct, in any one or more of the respects submitted in Paragraph First, was negligent" in Paragraph Second, and the use of the italicized language is thus a deviation.

■ There is no deviation because reference to MAI 35.01, illustrative Instructions No. 3 and No. 6; MAI 35.02, illustrative Instructions No. 3 and No. 5; and MAI 35.02, illustrative Instruction No. 12, shows that wherever there is a single act submission of contributory negligence, the required words are those italicized in Instruction No. 5. As does Instruction No. 5, all such illustrations refer to MAI 32.01 as the prescribed form for submitting contributory negligence; but only because that form is a multiple act submission does it employ the language quoted by appellant. See MAI 35.04, illustrative Instruction No. 7.

Instruction No. 5 was accompanied by Instruction No. 6: "The term negligence as used in Instruction No. 5 means the failure to use that degree of care that an ordinarily careful and prudent person would use under the same or similar circumstances. MAI 11.02." Appellant charges that this "was a misdirection of the two different definitions of negligence that applied in the case and constituted a roving commission to the jury." The argument is that defendant driver was required to use the degree of care that a very careful and prudent person would use and "yet, Instruction No. 5 refers to 'negligent' as to both plaintiff and defendant."

MAI 11.02, Notes on Use, cautions that the same definition may not properly apply to all the negligence submitted in a case and suggests language by which the various standards may be kept separate and clear.

■ In this case, the defendant driver had a duty to use that degree of care that a very careful and prudent person would use; the plaintiff pedestrian had a duty to use the degree of care that an ordinarily careful and prudent person would use.

The definition of negligence in Instruction No. 6 is in keeping with MAI. It refers specifically to Instruction No. 5; in only one place in that instruction does the term "negligence" appear; it is set out in quotation marks, and the definition of No. 6 goes only to that term. Plaintiff chose the same means by which to submit his own case. By Instruction No. 2, he submitted defendant's failure to keep a careful lookout and referred to it as "such negligence"; and by Instruction No. 3 he instructed that "The term 'negligence' as used in Instruction No. 2 means the failure to use that degree of care that a very careful and prudent person would use under the same or similar circumstances."

■ Accordingly, the difficulty with appellant's position is that the asserted error in defendant's Instruction No. 6 is common to plaintiff's own definition in Instruction No. 2. Instructions 5 and 6, and 2 and 3, when read together, reveal neither misdirection, c.f. Denny v. Mathieu, Mo., 452 S.W.2d 114, nor roving commission, nor failure to instruct, Brewer v. Swift & Co., Mo., 451 S.W.2d 131. Instead, there was an accurate submission of the two different degrees of negligence in the case. MAI 11.02, Notes on Use, supra; Wiesemann v. Pavlat, Mo.App., 413 S.W.2d 23, 28–29 [10].

Appellant's final contention is three complaints with respect to rulings on evidence.

On cross-examination of plaintiff, defendant asked, "Now, prior to the time that you stopped the car on Highway 34 to allow Bill Libla to drive, weren't you experiencing some difficulty with the car?"

Plaintiff's objection that the question was irrelevant and immaterial was overruled and an affirmative answer was received. On cross-examination of plaintiff's brother, David, defendant asked: "Did your brother at any time ask you to help him push that car off prior to the accident?" Plaintiff's objection, without any ground stated, was first sustained and then overruled upon defendant's representation that it went to the issue of contributory negligence, after which the witness answered that plaintiff made no such request. On cross-examination of witness Libla, defendant asked if he had noticed the car sputtering before plaintiff first pulled it off the highway. Plaintiff's objection on the ground the question was immaterial and irrelevant was overruled and the witness answered that "it was just a little bit." The argument is that these matters were irrelevant, immaterial, and injected prejudicially erroneous matter into the case. See Switzer v. Switzer, Mo., 373 S.W.2d 930; Taylor v. Schneider, Mo.App., 370 S.W.2d 725.

The only contributory negligence of plaintiff submitted by defendant was that of alleged failure to keep a careful lookout. However, in answering, defendant asserted a general affirmative defense of contributory negligence; he submitted interrogatories which required plaintiff to state how he had left his car on the highway just prior to the collision, and at no time prior to submission was defendant requested or required to specify the acts or omissions to which he attributed plaintiff's contributory negligence.

 Such evidence would have given support to negligence in plaintiff's permitting his car to be driven onto the highway by Billy Libla, knowing it to be in a defective condition, rather than to repair it first, Chamberlain v. Missouri-Arkansas Coach Lines, 351 Mo. 203, 173 S.W.2d 57, 61; Stigers v. Harlow, Mo., 419 S.W.2d 41, 44–45; and in having his car stopped or parked partially on the highway at night without lights, Wiber v. Mana, Mo., 356 S.W.2d 88, 92. So long as the contributory negligence issue was open, the matters complained of were material and relevant, and the court did not err in receiving such testimony.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All of the Judges concur.